SHORT RECORD
FILED 8/19/2015
NO. 15-2771

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. JOHNSON, | ) | |
| COLLEEN KITCHENS, | ) | |
| ALICIA HOLTON, | ) | Case No. 2013-CV-7468 |
| STEPHEN GARCIA-AGOSTO, | ) | |
| ROBERT ROTELLA, SR., | ) | |
| ROBERT MARSH a/k/a | ) | Honorable Judge Charles P. Kocoras |
| BOBBY MARSH, | ) | |
| KRYSTYN A. WEIN a/k/a | ) | Magistrate Judge Young B. Kim |
| KRYSTYN A. EVANS, | ) | |
| ROBIN KRIER, | ) | |
| STEVEN MCANALLY a/k/a | ) | |
| STEVE MCANALLY, | ) | |
| ERIC RINKOFF and | ) | |
| JOSEPH FRED GARCIA | ) | |
| on behalf of themselves, and on | ) | |
| behalf of and as representative of | ) | |
| those who are similarly situated. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PUSHPIN HOLDINGS, LLC, JAY | ) | |
| COHEN, LEONARD MEZEI, ARI R. | ) | |
| MADOFF, ALISHA RIOS, LOUISA | ) | |
| TATBAK a/k/a LOUISA FERRERA, | ) | |
| GCN HOLDING, LLC, and | ) | |
| SHAUN REDWOOD, | ) | |
| CIT FINANCIAL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL

Plaintiffs, Michael Johnson, Colleen Kitchens, Alicia Holton, Stephen

Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh, Krystyn

A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a Steve

McAnally, Eric Rinkoff and Joseph Fred Garcia, on behalf of themselves and on

Page 1 of 4

behalf of those similarly situated, appeal the Order and Memorandum Opinion of August 13, 2014 denying Plaintiffs' Motion to Remand, and the Memorandum Opinion and Order of March 23, 2015, granting the Motion to Dismiss the Second Amended Complaint under Fed.R.Civ.P. 12(b)(6), and that part of the Memorandum Opinion and Order of August 6, 2015, which denied Plaintiffs' Motion for Reconsideration and to Alter and/or Amend the Judgment and Dismissal Order under Fed.R.Civ.P. 59(a) and (e) and 52(b), and the Judgment entered on August 18, 2015, to the United States Court of Appeals for the Seventh Circuit.

Plaintiffs request that the Order denying the Motion to Remand to the Circuit Court of Cook County, Illinois be reversed; this case be remanded to the State Court and that the Order and Judgment dismissing the Second Amended Complaint be vacated for lack of subject matter jurisdiction.

Plaintiffs also request, in the event that the Court of Appeals does not order the case remanded to the State Court, that the Judgment and the Orders dismissing the Second Amended Complaint under Fed.R.Civ.P. 12(b)(6), and denying Plaintiffs' Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(a) and (e) and 52(b), be reversed, and that this case be remanded to the District Court with instructions to hear it on the merits.

Case No. 2013-CV-7468

Respectfully submitted,

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:  618-628-0186
Fax: 618-628-0259
Email: law@dmduree.net

*Attorney for Plaintiffs, Michael B. Johnson,
Colleen Kitchens, Alicia Holton, Stephen
Garcia-Agosto, Robert Rotella, Sr., Robert
Marsh a/k/a Bobby Marsh, Krystyn A.
Wein a/k/a Krystyn A. Evans, Robin Krier,
Steven McAnally a/k/a Steve McAnally,
Eric Rinkoff*

Case No. 2013-CV-7468

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 19, 2015, he electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, addressed as follows:

jhirsh@lplegal.com
celutz@lplegal.com
Mr. Jason B. Hirsh
Ms. Christina E. Lutz
Levenfield Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602


ssilberfein@mosessinger.com
Mr. Scott E. Silberfein
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299
*Counsel for the Defendants*


stacy@caclawyers.com
Ms. Stacy Bardo
The Consumer Advocacy Center, PC
180 West Washington
Suite 700
Chicago, IL 60602
*Local Counsel for Plaintiffs*


/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
*Counsel for Plaintiffs*

Page 4 of 4

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Michael B. Johnson

                              Plaintiff,

v.                                          Case No.: 1:13−cv−07468

                                          Honorable Charles P. Kocoras

Pushpin Holdings, LLC, et al.

                              Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 13, 2014:

      MINUTE entry before the Honorable Charles P. Kocoras: Enter Memorandum Opinion: For the aforementioned reasons, the Court denies Johnson's motion to remand. Johnson's motion to file a Reply in Support of its Supplemental Memorandum in Support of its Motion to Remand [51] is denied as moot. Defendants' motion to strike Johnson's Reply [52] is also denied as moot. It Is Further Ordered: Presentment date of 8/14/2014 on said motions [51] and [52] are stricken. Status hearing set for 8/14/2014 at 09:30 AM. (For further details see Memorandum Opinion.) Mailed notice (yp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. JOHNSON, on behalf of himself and on behalf of those similarly situated plaintiffs, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 13 C 7468 |
| PUSHPIN HOLDINGS, LLC, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Plaintiff Michael B. Johnson's ("Johnson") renewed motion to remand. For the reasons set forth below, Johnson's motion is denied.

### BACKGROUND

On September 11, 2013, Johnson, a North Carolina resident, filed this action, individually and on behalf of a putative class of similarly situated plaintiffs, in the Circuit Court of Cook County, Illinois ("Illinois State Court"), against Defendants Pushpin Holdings, LLC ("Pushpin"), Jay Cohen, Leonard Mezei, Ari Madoff, Alisha Ross, Louisa Tatbak, Shaun Redwood, GNC Holding, LLC ("GNC Holding"), and CIT Financial USA, Inc. ("CIT Financial") (collectively "Defendants").

Johnson alleges that on August 21, 2013, a default judgment was entered against him for $3,660.29, in favor of Pushpin, in Cook County, Illinois. According to the Cook County Small Claims Court complaint, Pushpin originally acquired the claims against Johnson based on a lease agreement between Johnson and CIT Financial. CIT Financial later assigned its rights to GCN Holding, which were subsequently re-assigned to Pushpin.

Johnson alleges in his six-count complaint that Defendants violated the Illinois Consumer Fraud and Deceptive Business Act ("ICFA"), 815 Ill. Comp. Stat. Ann. 505/2, by filing and threatening to file lawsuits against Johnson and other members of the putative class without being properly registered as a foreign company or debt collection agency, which itself is a violation of the Illinois Collection Agency Act ("ICEA"), 225 Ill. Comp. Stat. Ann. 425/1. Johnson also alleges malicious prosecution, abuse of process and fraud.

Defendants removed the case pursuant to 28 U.S.C. §§ 1446 and 1453, premising federal jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Johnson sought the remand of this case back to Illinois State Court arguing that the class claims were less that the requisite minimum $5 million threshold to maintain a CAFA suit in federal court. *See* 28 U.S.C. § 1332(d)(2). On February 21, 2014 this Court granted Johnson's motion for remand and subsequently Pushpin appealed. *See Johnson v. Pushpin Holdings, LLC*, 2014 WL 702316 (N.D. Ill. Feb. 21, 2104). On May 1, 2014, the Seventh Circuit reversed this Court's

determination that remand was appropriate, concluding that absent Johnson's irrevocable commitment to obtain less than $5 million for the class, Defendants' representations concerning the estimated damages recoverable by the class warrant further consideration. In its remand order, the Seventh Circuit stated, "[t]he judge will have to determine anew whether the amount in controversy reaches the statutory minimum, thus barring remand." *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014).

## LEGAL STANDARD

Under CAFA, a defendant may remove a class action to federal court as long as the case satisfies the statute's special diversity and procedural requirements. CAFA vested district courts with original jurisdiction over any class action where the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs) and where there is minimal or incomplete diversity of citizenship among the parties. 28 U.S.C. § 1332(d)(2). The proper protocol for assessing removal claims was laid out in *Brill v. Counrtywide Home Loan, Inc.*, 427 F.3d 446 (7th Cir. 2005). The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. *See Id.* at 448. A removing defendant does not need to "confess liability in order to show that the controversy exceeds the threshold." *Id.* at 449. "[T]he removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands . . . .

- 3 -

The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Id.*

Once the proponent of federal jurisdiction has explained the plausibility of the defendants liability exceeding $5 million, cf. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. *ABM Security Services, Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011).

## DISCUSSION

Johnson renews his motion to remand by arguing that removal of this case to federal court was defective, due to the lack of subject matter jurisdiction under CAFA. Johnson's continued protestations are based on the Defendants' alleged failure to establish that Johnson's collective class claims could clear the $5 million threshold and meet CAFA's federal jurisdictional requirements. At the outset it is important to note that Johnson's complaint does not set a cap on recovery of under $5 million, nor does the complaint include a stipulation or affidavit limiting recovery to under $5 million. Absent an "irrevocable commitment to obtain less than $5 million dollars for the class" the Court must determine the validity of Defendants' arguments concerning the plausibility of Johnson's potential recovery. *Johnson*, 748 F.3d at 773.

Johnson is adamant that his calculations of fees are correct, including: (1) compensatory damages, $355,407.62; (2) recoverable attorney's fees and litigation

expenses, $33,311.66; and (3) the maximum permissible punitive damages, using 9:1 multiplier, (9 x $355,407.62) $3,198,668.58; totals $3,587,387.86, which represents the maximum amount that the class could recover and supports remand back to Illinois State Court.  However Johnson's calculations are unrepresentative of the total "potential damages that the class would be able to recover." *Id*. at 772.

In determining Johnson's potential recovery the Court focuses its attention on the scope of Johnson's complaint at the time of removal. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 n.2 (7th Cir. 2012); *see also In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010).  Johnson's complaint seeks recovery for violations of state consumer protection statutes, malicious prosecution, abuse of process, time lost, and punitive damages.  Johnson's expansive complaint is greatly contrasted by his present posture, which asserts that the putative class's recovery is limited.  Johnson seeks compensatory damages to re-recover all funds Pushpin received impermissibly from Lease Guarantors in the amount of $355,407.62.  However, the amount actually recovered by Pushpin represents only a portion of Defendants' potential liability.  Johnson's complaint also may allow for the recovery of judgments that were improperly entered against himself and the putative class.  Defendants have supplied the affidavit of Joseph Sussman ("Sussman"), an attorney for Pushpin, who attests that on August 21, 2013, Pushpin entered a judgment against Johnson for $3,660.29.  Even though a judgment had been entered, Sussman states that Pushpin has not collected any money from Johnson.

Johnson, as the class representative, appears to have suffered the impermissible entry of a judgment against him, without any money being collected. Sussman continues that from March 2010 until October 2013, Pushpin entered judgments against Lease Guarantors totaling $1,284,717.38. Factoring the potential recovery for all judgments entered against Lease Guarantors, Pushpin's total exposure to liability greatly eclipses the $355,407.62 figure Johnson asserts. The Court is left with drastically changed potential liability. The Court calculates the new potential liability as follows: (1) compensatory damages for judgments entered and re-recovered, ($1,284,717.38 entered + $355,407.62 re-recovered) $1,640,125; (2) recoverable attorney's fees and litigation expenses, $33,311.66; and (3) the maximum permissible punitive damages using 9:1 multiplier (9 x $1,640,125) $14,761,125; which totals $16,434,561.66. Clearly, it is plausible that the amount in controversy exceeds $ 5 million.

Even assuming that Johnson's submitted determination of compensatory damages is accurate at $355,407.62, Defendants argue that Johnson's submitted cap on punitive damages is incorrect. Johnson asserts that the 9:1 ratio on punitive damages limits recovery. Johnson cites two cases to support his assertion that "[t]he due process clause of the Constitution of the United States limits punitive damage. . ." Johnson's reliance on the strict adherence to a 9:1 ratio as allegedly determined in the supplied cases is misplaced. Initially in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008), the Supreme Court limited punitive damages to a 1:1 ratio for oil spilt in Prince William Sound, Alaska, following the Exxon Valdez oil spill. The Court

- 6 -

specifically determined, ". . . that a 1:1 ration, which is above the medium award, is a fair upper limit in such maritime cases." *Id*. at 512. Johnson's inclusion of a maritime case, where the relevant compensatory damages where levied at $507.5 million does not stand for an established cap on punitive damages. Additionally, Johnson posits that *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), stands for the overarching bar on punitive damages over a 9:1 ratio. This is not the case. In *State Farm,* the Court determined that based on the plaintiff's claim for emotional distress an award of $145 million in punitive damages on a $1 million compensatory judgment violated due process. The *State Farm* Court went on to specifically decline to "impose a bright-line ratio which punitive damage[] award[s] cannot exceed." *Id.* at 1516.

Defendants argue that the potential punitive award can greatly exceed the 9:1 ratio which can be assessed against them. *See Phillip Morris v. Williams*, 549 U.S. 346 (2007) (upholding a nearly 100:1 punitive damages multiplier); *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 676 (7th Cir. 2003) (affirming a 37.2:1 punitive damages multiplier). It is clear that to comport with the Constitutionality of punitive damages multipliers a court must weigh a variety of facets concerning the conduct seeking to be punished against the award being sought. *See State Farm*, 538 U.S. at 426. However at this junction in the case at bar we do not need to weigh such issues. The Defendants have established the plausibility of being liable for a higher multiplier in determining punitive damages.

The Court does not address Johnson's arguments originally included in his November 31, 2013, Memorandum of Law in Support of Its Motion to Remand and not included in his Supplemental Memorandum. Looking to Johnson's complaint, it is impossible to determine the validity of Johnson's arguments seeking the exclusions of equipment lease guarantees from the amount in controversy figures without further information.

Johnson has not demonstrated that it is legally impossible for him to recover an amount over the $ 5 million threshold for CAFA jurisdiction. Defendants have sufficiently provided reliable information to establish the propriety of this Court's subject matter jurisdiction under CAFA. Johnson's motion to file a Reply in Support of its Supplemental Memorandum in Support of its Motion to Remand is denied as moot. Defendants' motion to strike Johnson's Reply is also denied as moot.

## CONCLUSION

For the aforementioned reasons, the Court denies Johnson's motion to remand.


_____
Charles P. Kocoras
United States District Judge

August 13, 2014
Dated: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL B. JOHNSON,                    )
on behalf of himself and on behalf of  )
those similarly situated plaintiffs ,  )
                                       )
                    Plaintiffs,        )
        v.                             )        2013-CV-7468
                                       )
PUSHPIN HOLDINGS, LLC, JAY             )
COHEN, LEONARD MEZEI, ARI              )
MADOFF, ALISHA ROSS, LOUISA            )
TATBAK, SHAUN REDWOOD, GCN             )
HOLDINGS, LLC, and CIT FINANCIAL       )
USA, INC.,                             )
                                       )
                    Defendants.        )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendant Pushpin Holdings, LLC ("Pushpin"), Jay

Cohen ("Cohen"), Leonard Mezei ("Mezei"), Ari Madoff, Alisha Ross, Louisa

Tatbak, Shaun Redwood, GCN Holdings, LLC ("GCN Holdings"), and CIT Financial

USA, Inc.'s ("CIT Financial") (collectively the "Defendants") motion to dismiss

brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  For the

following reasons, the Defendants' motion to dismiss is granted in its entirety.

## BACKGROUND

For the purposes of the instant motion, the following well-pleaded allegations

derived from Plaintiff Michael Johnson ("Johnson"), Colleen Kitchens, Alicia Holton

("Holton"), Stephen Garcia –Agosto, Robert Rotella, Sr., Robert Marsh, Krystyn

Wein ("Wein"), Robin Krier, Steven McAnally ("McAnally"), Eric Rinkoff, and

Joseph Garcia's (collectively the "Plaintiffs")  second amended complaint ("SAC")

are accepted as true for the purposes of this motion.  The Court draws all reasonable

inferences in favor of the Plaintiffs. *Purdue Research Found v. Sanofi-Synthelabo,*

*S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).

Pushpin is a Delaware limited liability company which engages in debt

collection activity.  Although not registered in the State of Illinois as a foreign

company doing business in Illinois, Pushpin was responsible for filing over 3,000

small claims collection cases in small claims court in Illinois.  Pushpin is owned and

controlled by Cohen and Mezei.  GCN Holdings is a limited liability company

registered to conduct business in Illinois, and is also owned and controlled by Cohen

and Mezei.  GCN Holdings acquired outstanding debt from financial institutions and

would transfer the collections responsibilities to Pushpin or some other entity owned

by Cohen and Mezei.

In approximately 2003, CIT Financial worked in conjunction with another

financial institution to market and sell credit card processing machines to consumers

and businesses.  The credit card processing machines were leased to individuals and

2

the contracts were memorialized in equipment finance lease agreements ("Lease

Agreements"). CIT Financial was listed as the lessor and the customers were

identified as the lessees. These Lease Agreements permitted the customers to

purchase the credit card processing machines at the end of the lease period, which

typically lasted forty-five months. In conjunction with the Leases for the equipment,

the lessees were required to sign personal guarantees ("Guaranty Agreements").

It is alleged that the credit card processing machines had a fair market value of

$250. However, the total amount of the lease payments was over $3,000 per machine.

The machines were defective and frequently failed to work satisfactorily. The sales

representatives who engaged in selling the machines were agents of CIT Financial and

marketed the credit card processing machines aggressively. When the sales

representatives finalized the transaction, the Lease Agreements for Johnson, Wein and

McAnally were forged and executed by unauthorized individuals.

The Lease/ Guaranty Agreements contained a venue and forum provision

which required litigation to be conducted in Cook County, Illinois. Furthermore, the

Lease/ Guaranty Agreements contained a choice of law provision which selected the

application of Illinois law. When the Lease Agreements were made CIT Financial

knew that it would assign its claims under the Lease Agreements to Cohen, Mezei,

GCN Holdings and Pushpin acting as a collection agency.

Between March 2010 and November 2014, Pushpin filed more than 3,000

small claims lawsuits in Cook County, Illinois against the Guarantors of the Lease

Agreements for the credit card processing machines. The small claims lawsuits filed

by Pushpin (with the exception of the small claims complaint filed against Garcia, in

which the acquiring entity of the debt from CIT Financial was GlobalTech Leasing,

Inc.) alleged that CIT Financial assigned the Lease/ Guaranty Agreements to GCN

Holdings on November 30, 2005 under the terms of an Asset Purchase Agreement

dated November 9, 2005.

   Each of the small claims suits were for less than $5,000, therefore the cost

incurred by the small claims court defendants in defending the cases were

substantially greater than the amount sought in the suit.  Prior to filing the small

claims complaints, Pushpin sent demand letters to the small claims defendants

threatening litigation if the outstanding balances were not satisfied.

   On September 11, 2013, Johnson, a North Carolina resident, filed this action

individually and on behalf of a putative class of similarly situated plaintiffs in the

Circuit Court of Cook County, Illinois against the Defendants. Johnson alleges that on

August 21, 2013, a default judgment was entered against him for $3,660.29 in favor of

Pushpin in Cook County, Illinois.  According to the Cook County Small Claims Court

complaint, Pushpin originally acquired the claims against Johnson based on the Lease

Agreement between Johnson and CIT Financial.  CIT Financial later assigned its

rights to GCN Holdings, which were subsequently re-assigned to Pushpin.

   The Defendants removed the case pursuant to 28 U.S.C. §§ 1446 and 1453 to

this Court, premising jurisdiction on the Class Action Fairness Act.  On November 21,

2014 the Plaintiffs filed their Second Amended Complaint ("SAC") naming additional

individual plaintiffs.  The Plaintiffs' allege: (1) a violation of the Illinois Consumer

Fraud and Deceptive Business Act ("ICFA") for a "disguised unlawful penalty for

breach of contract" in the Lease/ Guaranty Agreements; (2) violation of the ICFA

because the lawsuits  were filed "almost ten years after the debts occurred;" (3)

violation of the ICFA for Pushpin's failure to register as a debt collection agency

under the ICAA; (4) a violation of the ICFA based on the expiration of the Lease/

Guaranty Agreements; (5) the Defendants abuse of process; (6) the Defendants

unlawfully engaged in malicious prosecution of the Plaintiffs.  After a prolonged

series of litigation concerning the propriety of the case before this Court, the

Defendants filed the instant motion to dismiss on January 13, 2015.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a

complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811,

820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and

plain statement of the claim showing that the pleader is entitled to relief,' sufficient to

provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v.

Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2);

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Additionally, the allegations

in the complaint must "actually suggest that the plaintiff has a right to relief, by

providing allegations that raise a right to relief above a speculative level." *Tamayo*,

526 F.3d at 1084 (emphasis in original).

## DISCUSSION

The Plaintiffs' SAC levies a variety of claims against the Defendants based on

their efforts to collect money on the Lease/ Guaranty Agreements for the contracted

credit card processing machines.  The Defendants have moved to dismiss all counts of

the Plaintiffs' SAC for various reasons.

### I. ICFA Claims (Counts I, II, III, and IV)

### A. Standing

The Defendants assert that the Plaintiffs lack standing under the ICFA.  The

Defendants contend that the lack of an active Illinois state court case deprives the

Plaintiffs of their ability to proceed with the case at bar.  The primary case cited by the

Defendants stands for the proposition that the resolution of a claim brought by an

individual plaintiff to remedy unlawful conduct extinguishes the right of a putative

class to continue with their claims.  *See Physicians Healthsource, Inc. v. Allscripts-*

*Misy's Healthcare Solutions, Inc.*, 12 C 3233, 2012 WL 5989203, at *1 (N.D. Ill.

Nov. 29, 2012) (individual plaintiffs' TCPA claim were settled which rendered their

putative class claims moot).  *Physicians Healthsource* involved the settlement of the

named plaintiff's claims in a proposed class action lawsuit brought under the

Telephone Consumer Protection Act.  The court reasoned that the satisfaction of the

named plaintiff's claims mooted the claims of any putative class members before a

motion for class certification was submitted. *Id*. at *1.  The procedural posture of the

case at bar is distinctly different from the cases the Defendants rely on.  Here, the

allegedly unfair nature of the debt collection claims brought by the Defendants in

Illinois small claims court is the basis for the Plaintiffs' claims before the Court.  The

Plaintiffs' suit seeks redress from the unlawful conduct allegedly perpetrated by the

Defendants in their previous state court action.  In light of the fact that there were no

active cases between Pushpin and the Guarantors in state court, the Plaintiffs'

standing to sue is doubtful.

The Defendants also assert that the Plaintiffs have inadequately alleged that

Pushpin's activities fall under the ICFA and that the ICFA applies to out of state

Plaintiffs.  Initially, the Defendants submit that the Plaintiffs have not alleged that the

conduct Pushpin engaged in constitutes "trade" or "commerce" under the ICFA.

Pushpin, allegedly acting as a debt collection agency, contends that its activities

should not fall under the purview of the ICFA.  Contrary to the Defendants'

contention, the Illinois Supreme Court and many federal courts have found that debt

collection practices are embraced by the ICFA. *People ex rel. Daley v. Datacom Sys.*

*Corp.*, 585 N.E.2d 51, 64 (Ill. 1991) ); *see also Bradley v. Fairbanks,* 02 C 7786, 2003

WL 21011801, at *4 (N.D. Ill. May 5, 2003); *Perperas v. United Recovery Sys., Inc.,*

96 C 7693, 1997 WL 136326, at *2-3 (N.D. Ill. Mar. 19, 1997).  Given the multitude

of Illinois state and federal courts which have allowed ICFA cases to proceed against

debt collection agencies, this Court determines that the Plaintiffs' allegation of unfair

debt collection practices is sufficiently alleged to pursue an ICFA claim against Pushpin.

The Defendants focus on the Plaintiffs residence in submitting that the territorial limitations of the ICFA bar their claims.  The Illinois Supreme Court in *Avery v. State Farm Mutual Automobile Insurance Co.,* 835 N.E.2d 801 (Ill. 2005), severely limited the extraterritorial reach of the ICFA.  The *Avery* court held that nonresident plaintiffs may sue under the ICFA only if the circumstances relating to the alleged fraudulent transaction occurred primarily in Illinois. *Id.* at 852–53.  More specifically, the Illinois Supreme Court held that the ICFA did not create a cause of action for fraudulent acts that had little or no connection to the state of Illinois. *Id.* Accordingly, for a nonresident plaintiff to have standing under the ICFA, it is required that "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Id.* at 853–54.

Although none of the Plaintiffs reside in Illinois, the SAC alleges that Pushpin unlawfully filed over 3,000 small claims cases in Illinois small claims court, based on the venue and choice of law provisions in the Lease/ Guaranty Agreements. Therefore, according to the Plaintiffs, the situs of the Defendants unlawful conduct occurred primarily, and substantially, in Illinois.  The Plaintiffs' allegations are sufficiently tied to Illinois to support the application of the ICFA.

**B. Unfair Practices**

The Defendants argue that the Plaintiffs have not alleged a deceptive act under the ICFA.  However, the Plaintiffs assert that the Defendants' conduct in filing more than 3,000 small claims cases was an unfair practice under the ICFA.  The ICFA provides redress for deceptive business practices and also for business practices that, while not deceptive, are unfair. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574–75 (7th Cir. 2012).  Complaints alleging deceptive practices in violation of the ICFA must be pled with sufficient particularity under Fed. R. Civ. P. 9(b), while those alleging unfair practices need only meet the notice pleading of Fed. R. Civ. P. 8(a). *Windy City Metal Fabricators & Supply Inc. v. CIT Tech. Fin. Services. Inc.,* 536 F.3d 663, 670 (7th Cir. 2008).

The ICFA is a "regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002).  To state a claim under the ICFA, the Plaintiffs must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010), citing *Robinson*, 775 N.E.2d at 960.  In addition, "a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury." *Id.* at 935. "The [ICFA] is

'liberally construed to effectuate its purpose.' " *Id.* (quoting *Robinson,* 775 N.E.2d at 960). The Plaintiffs allege that the Defendants' conduct was unfair and oppressive, which warrants the application of the ICFA. The Defendants contend that the Plaintiffs have failed to sufficiently plead that an unfair practice occurred.

To determine whether a business practice is unfair, courts consider "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson,* 775 N.E.2d at 961 (citing *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n. 5 (1972)). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 669. Unfairness under the ICFA "depends on a case-by-case analysis." *Siegel*, 612 F.3d at 935 . The Court will gauge the sufficiency of the Defendants' alleged unfair conduct within each ICFA claim.

### A. Count I-ICFA

The Plaintiffs assert that the Lease /Guaranty Agreements disguised an unlawful penalty for breach of contract due to the disparate pricing of the actual cost of the credit card processing machines compared to the required payment in violation of the ICFA. The Plaintiffs submit that the reasonable purchase price of the unit was $250.00, compared to the total of all lease payments equaling $3,000.00. The

Plaintiffs' fortify their position by also alleging that the venue provision of the Lease

Agreements was an unlawful penalty due to the distant geographical distances the out

of state signatories would have to travel to defend their case.

    We turn our attention to the Plaintiffs' first contention that the Defendants'

Lease/ Guaranty Agreements contained an unenforceable penalty for breach of

contract.  Under Illinois law, a contract contains an unenforceable penalty only when

"[the] sole purpose of the [contractual] clause [or the penalty itself] is to secure

performance of the contract." *Checkers Eight Ltd. P'ship v. Hawkins*, 241 F.3d 558,

562 (7th Cir. 2001) (applying Illinois law the Seventh Circuit determined that a

contract requiring their payment of $150,000 if the installment payments were not

paid in a timely fashion constituted an unlawful penalty).  Plaintiffs' SAC alleges that

the discrepancy in price between the reasonable value of the machines and the total

amount paid under the Lease Agreement was unfair.  The Plaintiffs do not allege that

the Lease/ Guaranty Agreements contained a provision which mandated a specific

amount if the payments were not made.  In fact, the Plaintiffs' SAC specifies that the

purchase of the credit card processing machines was not mandatory and only an

option that could be exercised at the conclusion of the lease.  The lack of a "penalty"

provision is determinative.  The Supreme Court of Illinois has instructed that charging

an unconscionably high price, generally, is insufficient to establish a claim of

unfairness.  *Robinson*, 775 N.E.2d at 951; *Batson v. Live Nation Entertainment, Inc.*,

746 F.3d 827, 833 (7th Cir. 2014).  Plaintiffs' SAC is devoid of any description

concerning why or how the claimed discrepancy in pricing is unfair. Plaintiffs' bare assertion of unfairness, without describing in what manner the price of the credit card machines either violate public policy or is oppressive, is insufficient to state a cause of action. *See Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584 (Ill. 1996).

The Plaintiffs also allege that the venue provision of the Lease/ Guaranty Agreements contains an unlawful penalty clause because it requires the out-of-state signatories to travel to Chicago, Illinois to defend themselves in a small claims case. Despite Plaintiffs' allegations, a forum selection clause is enforceable to the same extent as any other contractual provision, which requires its enforcement barring some allegations of fraud or mistake. *IFC Credit Corp. v. Aliano Bros. Gen Contractors, Inc.*, 437 F.3d 606,610 (7th Cir. 2006). The Plaintiffs do not allege that the venue provision was imposed on them through fraudulent means. Nor is the venue provision alleged to be included as a penalty to ensure full performance of the contract. The mere inconvenience of the parties complying with the venue provision does not warrant labelling it unfair for the purposes of establishing an ICFA claim. Accordingly, the Defendants' motion to dismiss Count I of Plaintiffs' SAC is granted.

**B**. **Count II-ICFA**

Broadly, the Plaintiffs allege that the Defendants unlawfully filed 3,000 small claims cases which they knew were lacking in merit. Count II of the Plaintiffs' SAC contains four sub-classes that allegedly bar the initiation of the small claims actions. The Plaintiffs allege that each sub-class is a violation of the ICFA. The Plaintiffs

contend that the initiation of the Defendants' small claims cases are barred: (1) due to

doctrine of laches; (2) because the principal debtors were dissolved corporations; (3)

because some of the Plaintiffs did not sign the Lease/ Guaranty Agreements; and (4)

because the Guaranty Agreements are illusory due to the fact that the debtor and the

guarantor are the same person.  The Defendants argue that all four sub-classes should

be dismissed.

The Plaintiffs initially submit that as a result of their state court cases being

barred by the doctrine of laches, that Pushpin violated the ICFA by instituting and

prosecuting the collection actions.  The doctrine of laches is an equitable counterpart

to the legal statute of limitations, which prevents the initiation of stale claims in equity

and the injustice resulting from having to defend against such claims. *Equal*

*Employment Opportunity Commission v. Dresser Industries, Inc.,* 668 F.2d 1199,

1201 (11th Cir. 1982).  Laches is principally a question of the inequity of permitting a

claim to be enforced. *Lingenfelter v. Keystone Consol. Ind., Inc.*, 691 F.2d 339, 340

(7th Cir. 1982).  The Defendants highlight that the doctrine of laches is merely a

defense and not a cause of action. *See Blue Water Partners, Inc., v. Edwin D. Mason,*

*Foley and Lardner*, 975 N.E.2d 284, 296 (Ill. App. Ct. 2012).  Although not apparent

from the Plaintiffs' SAC it appears that the doctrine of laches was used as an

affirmative defense in the previous Illinois small claims collection actions filed by

Pushpin.  The Plaintiffs seem to argue that since the doctrine of laches was submitted

as a successful defense in the previous collection cases, that the doctrine of laches presently makes Pushpin's past enforcement unfair under the ICFA.

In Illinois, the applicable statute of limitations on a written guaranty is ten years. 735 ILCS 5/13–206. The Plaintiffs' SAC states that Pushpin initiated the underlying collection cases "almost ten years after the debts allegedly occurred" and therefore Pushpins filing of suit was permissibly within the 10 year time period. Since the state court collection cases were filed within the applicable statute of limitations, the Plaintiffs must establish that the Defendants proceeding in light of the equitable bar imposed by the doctrine of laches is unfair under the ICFA. The Plaintiffs have not established in their SAC or submitted in their response to the Defendants' motion to dismiss how the Defendants' actions are unfair. Since the Defendants brought the state court collection cases within the permitted 10 year time period and the Plaintiffs have failed to enlighten the Court on the inequity of Pushpin's actions, the Court cannot find that the Defendants' actions are unfair. Additionally, the manner in which the Plaintiffs claim is structured is temporally flawed. The Plaintiffs assert that the *initiation* of the 3,000 small claims suits were barred by the doctrine of laches. However, any success the state court defendants had in utilizing the doctrine of laches as an affirmative defense came after a judicial determination concerning the merits of the small claims actions. Therefore, the *initiation* of the claims was not unlawful and the viability of the doctrine of laches was only determined *after* Pushpin filed suit. Thus, the Plaintiffs cannot proceed with

14

their claim that the equitable doctrine of laches barred the initiation of the Illinois small claims suits.

The Plaintiffs' next sub-class contends that the 3,000 collection cases were barred because the Lessors were dissolved corporations. It is well-established that a guaranty is an independent obligation separate from the underlying contract. *Colonial Am. Nat'l Bank v. Kosnoski*, 617 F.2d 1025, 1030–31 (4th Cir. 1980); *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 755 (N.D. Ill. Sept, 17 2012). "Guarantees invol[ve] duties and impos[e] responsibilities very different from those created by the original contract to which it is collateral." *Colonial Am. Nat'l Bank*, 617 F.2d at 1030–31. A guaranty is separate and distinct from the transfer of goods. *Id.* Although the limitations period for the collection of lease payments is four years, written guarantees are subject to the ten-year statute of limitations. 735 ILCS 5/13-206; *Armbrister*, 896 F. Supp. 2d at 755. Under Illinois law, a guaranty is a "third party's promise to answer for payment on or fulfill an obligation if the person primarily liable fails to perform." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 519–20 (7th Cir. 2011) (quoting *Panno v. Nicolau,* 529 N.E.2d 95, 98 (Ill. App. Ct. 1988)). The Plaintiffs extensively rely on *Riley Acqusitions, Inc. v. Drexler*, 946 N.E.2d 957 (Ill. App. Ct. 2011), for the proposition that the extinguishment of a lease holders obligations, through the dissolution of a corporation, nullifies the obligations of the guarantor. *Riley* involved a borrower whose guarantor obligations were extinguished during bankruptcy. The *Riley* court determined that even if there was an

absence of a principal (dissolved corporation) on the note, the guarantors may still be

liable, depending on if the guaranty expressly provides for continuing liability. *Id.* at

964-65.

In interpreting the Guaranty Agreement included in the Plaintiffs' SAC, the

Court applies general rules of contract construction. *AAR Aircraft & Engine Group,*

*Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001).  "Where the language of a

contract is unequivocal, it must be carried out according to its language." *McLean*

*Cnty. Bank v. Brokaw*, 519 N.E.2d 453, 456 (Ill. 1988). To the extent that there is any

ambiguity in the language of the guaranty, it must be construed in the guarantor's

favor. *Riley Acquisitions*, 946 N.E.2d 957, 965 ("[O]ur analysis must be guided by the

well-established principle that a guarantor is a favorite of the law.").  The Guaranty

Agreement states, in pertinent part: ". . . the release and/or compromise of any

obligation of Lessee or any other obligors and guarantors [does not] in any way

releas[e] the undersigned from its obligation hereunder.  This is a continuing guaranty

. . . ." Reading the language of the Guaranty Agreement strictly in the Guarantor's

favor, it is clear that the dissolution of a corporation, included In the Lease

Agreement, does not terminate the obligations of the Guarantors.  Therefore, the

Plaintiffs cannot establish an ICFA violation based on the extinguishment of a

guaranty due to the dissolution of a corporation.  *See Grundstad v. Ritt*, 166 F.3d 867,

873 (7th Cir. 1999).

The Plaintiffs' third sub-class alleges that the Defendants' 3,000 small claims suits are barred because Johnson, Wein and McAnally did not sign the Lease/ Guaranty Agreements.  Distinct from the Plaintiffs' previous claims, the Plaintiffs' allegations of forgery are akin to fraudulent practices, as opposed to their other claims which sound in unfair conduct.   Allegations of fraud require a heightened pleading standard of Rule 9(b) when brought in federal court. *Najieb v. Chrysler-Plymouth*, 01 C 8295, 2002 WL 31906466, at *9 (N.D. Ill. Dec. 31, 2002); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (for allegations of "fraud under the ICFA, the heightened pleading standard of [Rule] 9(b) applies").  The Plaintiffs broadly assert the some of the signatures on the Lease/ Guaranty Agreements were forged without pleading with particularity the circumstances of the forgeries.  Under the heightened pleading standard, the Plaintiffs have failed to allege an ICFA claim based on the alleged forgery of the Lease/ Guaranty Agreements by the Defendants.

Finally, the Plaintiffs' fourth sub-class alleges that many of the Defendants' 3,000 small claims suits are barred because the Guaranty Agreements are illusory due to the fact that the debtor and the guarantor are the same person.  The two representatives for this subclass are Holton and Wein, whom provided personal guarantees for the Leases of the credit card processing machines related to an unspecified business.  In operating a sole proprietorship, Holton and Wein were personally liable for its debts. *GMAC, LLC v. Hillquist*, 652 F. Supp. 2d 908, 919

(N.D. Ill. Aug. 19, 2009).  If a person guarantees the debt of the sole proprietorship, he is guaranteeing debts which he is already liable for, making the guaranty meaningless.  *Id.*  (citing *Packard Bell Elec. Corp. v. Ets–Hokin*, 509 F.2d 634, 637 (7th Cir. 1975)).

The cases relied on by the Plaintiffs stand for the proposition that due to the financial obligations of a sole proprietor a personal guaranty on the same debt is superfluous.  *GMAC, LLC*, 652 F.Supp.2d at 919.   Even though a guaranty may be "meaningless" does not mean that it is unenforceable, as suggested by the Plaintiffs. Therefore, it is not unfair that Pushpin pursued the Lease/ Guaranty Agreements for the collection of an outstanding debt, secured by the Guaranty Agreement, which was valid.

Furthermore, the Plaintiffs' veiled suggestion that Pushpin deceptively misrepresented the nature of Holton and Wein's Guaranty Agreements as being enforceable would require a heightened pleading standard of Rule 9(b). *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 794–95 (7th Cir. 2004).  The Plaintiffs have failed to allege an actual misrepresentation communicated by the Defendants. The Plaintiffs must produce specific misrepresentations made by *specific* Defendants, as "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994).  Accordingly, the Plaintiffs have failed to sufficiently allege an ICFA claim for Holton and Wein, who acted as the principal debtor and guarantor.

The Plaintiffs also argue that the original Lessor GlobalTech Leasing, Inc. never assigned its claims to any party, therefore rendering collection of any outstanding balance improper. However, the Defendants have attached to their motion to dismiss the GlobalTech Leasing, Inc.'s Assignment Agreement from CIT Financial on March 24, 2003.[1] The Defendants have established the validity of the assignment from CIT Financial to GlobalTech Leasing, Inc., which eviscerates the Plaintiffs' claim. The Plaintiffs cannot proceed with their ICFA claim based on CIT Financial's faulty assignment to GlobalTech Leasing, Inc. The Plaintiffs have failed to establish that any sub-class constitutes an ICFA violation. Accordingly, the Court grants the Defendants' motion to dismiss Count II in its entirety.

### C. Count III-ICFA

The Defendants contend that the Plaintiffs cannot establish a cause of action under the ICFA based on a violation of the ICAA, as it was in place during the Defendants conduct from 2002-2005. The Plaintiffs allege that the Defendants violated the ICAA by failing to register as a debt collection agency. It is alleged that the Defendants' failure to register as a debt collection agency voids any judgment made pursuant to the small claims collection activity. It is Pushpin's collection of a void debt that the Plaintiffs contend is an ICFA violation.

---

[1] The Court considers the Defendants' attachment due to the validity of GlobalTech Leasing, Inc.'s Assignment Agreement is contested by the Plaintiffs' SAC. *188 LLC v. Trinity Indus., Inc*., 300 F.3d 730, 735 (7th Cir. 2012).

Initially, the Defendants contend that they are not a debt collection agency and fall outside of reach of the ICAA.  The purpose of the ICAA is to regulate collection agency practices and protect consumers against debt collection abuse. 225 Ill. Comp. Stat 425/1a.  The ICAA was amended on January 1, 2008 to "harmonize state law with federal law and thereby provide better protections for Illinois consumers." Transcript of Illinois Senate, 95th Gen. Assemb., Sess. No. 28, at 51 (April 19, 2007) (statement of Sen. Don Harmon). The amended version of the ICAA defines "debt collector" or "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 Ill. Comp. Stat. 425/2.  This was a change from an earlier version of the ICAA, which defined a collection agency as "any person, association, partnership, or corporation who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt." 225 ILCS 425/2.02. (repealed Jan. 1, 2008).  The pre-amendment ICAA further provided that a person or corporation acts as a collection agency when it "(a) engages in the business of collection for others of any account bill or other indebtedness; (b) receives, by assignment or otherwise, accounts, bills, or other indebtedness ... (d) buys accounts, bills or other indebtedness with recourse and engages in collecting the same." 225 ILCS 425/3 (repealed Jan. 1, 2008).  The 2008 amendment to the ICAA is silent on the revised version's application to collection activities made prior to the amendment.  Therefore, in the absence of express language requiring the amendments

to be applied retroactively, the pre-2008 ICAA is applicable in the case at bar. *See Moore v. Jackson Park Hosp.*, 447 N.E.2d 408, 415 (Ill. 1983) ("The intent of the legislature that the amendment should apply retroactively is revealed in the language of the amendment.").

Initially, Pushpin contends that they are not a collection agency under the pre-amendment ICAA.  At this juncture, the Court is not in a position to determine parameters of the legal relationship between Pushpin and the Plaintiffs when the debts were incurred between 2002 and 2005 and must rely on the well-pled facts contained in the Plaintiffs' SAC. The Plaintiffs have pled that CIT Financial assigned its claims under the Lease Agreements of the credit processing machines to "debt buying collection agencies" like Pushpin.  Furthermore, the Plaintiffs allege that the Lease/ Guaranty Agreements were signed and the corollary debts were incurred between 2002 and 2005.  These allegations, if proven true, would establish that Pushpin is a collection agency as defined by the ICAA. *See People ex rel. Daley*, 585 N.E.2d at 60 (Ill. 1992).  For present purposes, the Plaintiffs have sufficiently pled that CIT Financial and Pushpin engaged in debt collection activities that fall under the pre-amendment ICAA definition of a collection agency.

The Defendants also contend the commercial debts sought in the state small claims cases are beyond the coverage of the ICAA, which only applies to consumer debts.  The pre-amendment ICAA does not define "debt," "indebtedness," "account," "bill," or "claim."  In the absence of a definition, the Illinois Supreme Court found

that the ICAA "does not explicitly exclude any type of debt or amount owed from its

purview.  Although the legislature exempted certain types of *institutions* from the

control of the [ICAA], it did not exempt any type of *debt,* thereby indicating an intent

to include all types of debts or amounts owed." *People ex rel. Daley*, 585 N.E.2d at 51

(emphasis in original).  The broad interpretation of debts covered by the pre-

amendment ICAA comfortably allows for the inclusion of the Lease/ Guaranty

Agreements at issue in the case at bar.

Having determined that the ICAA is applicable to Pushpin, the Court will now

take up the Plaintiffs' assertion that a violation of the ICAA can serve as a basis for

their ICFA claim.  The Illinois Supreme Court has held that the same acts that are

violations of the ICAA may also be violations of the ICFA. *See People ex rel. Daley*,

585 N.E.2d 51, 62; *see also Bradley v. Fairbanks*, 02 C 7786, 2003 WL 21011801, at

*4 (N.D. Ill. May 5, 2003); *Perperas v. United Recovery Sys., Inc.,* 96 C 7693, 1997

WL 136326, at *2-3 (N.D. Ill. Mar. 19, 1997).  In *People ex. rel. Daley*, the Illinois

Supreme Court concluded that "debt collection practices are embraced by the

[ICFA]." *Id.* at 31.  Although the *People ex. rel. Daley* court did not expressly address

whether a violation of the ICAA constituted a "per se violation" of the ICFA, a federal

district court in the Northern District of Illinois concluded that a deceptive or

misleading violation of the ICAA could constitute a violation of the ICFA. *See*

*Perperas*, 1997 WL 136326, at *2-3 (in the absence of the ICAA being included in

the collection of consumer protection statutes enumerated in the ICFA as an automatic

violation, a violation of the ICAA must be deceptive or mislabeling in order to constitute a viable ICFA claim).

In the case at bar, the Plaintiffs' contend that Pushpin's "filing and prosecuting more than 3,000 small claims lawsuits" when they were not registered as a debt collection company constitutes an unfair practice under the ICFA. The Plaintiffs maintain that the judgments entered in the small claims collection cases are void, due to Pushpin's failure to register and therefore their pursuit of those void claims is an ICFA violation.

The Plaintiffs' theory of liability encounters an insurmountable hurdle in light of the recent Illinois Supreme Court decision in *LVNV Funding, LLC v. Trice*, 2015 IL 116129 (Ill. 2015). The court held that the failure of a collection company to register as a debt collection agency under the ICAA does not void a final judgment entered in the case. *Id.* The holding in *LVNV Funding, LLC v. Trice*, eviscerates the Plaintiffs' claim, which hinges on the void nature of the small claims judgments. It is worth noting that the Plaintiffs have intermittently mentioned in their SAC that a violation of the ICAA for failure to register is a Class A misdemeanor. 225 ILCS 425/14. Presumably, the Plaintiffs are relying on the criminal penalty assessed for unregistered debt collection activities, as a corollary assertion establishing an ICFA violation. Despite the criminal penalty assessed, the Plaintiffs fail to enunciate the correlation between a penalty assessed to a debt collection agency under the ICAA and the manner in which it translates into a violation of the ICFA.

23

Not only is the basis for the Defendants' claim flawed, the Defendants have failed to allege an element of their ICFA claim- the Defendants intended that the Plaintiffs rely on the deceptive or unfair practice.  To establish this element, it is enough to allege that a defendant committed a deceptive or unfair act and intended that the plaintiff rely on that act. *Wigod*, 673 F.3d at 547.  The Plaintiffs' SAC lacks any indication that Pushpin's failure to register under the ICAA was done with the intent that the Plaintiffs rely on its unregistered status.  Even if alleged, the Court finds that this assertion would make the Plaintiffs' claim unwieldy.  Therefore, the Defendants' motion to dismiss Count III of the Plaintiffs' SAC is granted.

### D. Count IV-ICFA

The Plaintiffs allege that the Defendants violated the ICFA when they filed over 3,000 small claims suits against the Guarantors of the Lease Agreements.  The Plaintiffs continue that the four-year statute of limitations for the Lease Agreements extinguished the Guarantor's obligations; therefore, the Defendants, actions unlawfully sought discharged debt.

A guaranty is an independent obligation, separate and distinct from the transfer of goods. *Colonial Am. Nat'l Bank*, 617 F.2d at 1030–31.  Although the limitations period for the collection of amounts due under a lease is four years, written guarantees are subject to the ten-year statute of limitations, despite the fact that that the statute of limitations on the underlying debt has run. 735 ILCS 5/13-206; *Armbrister*, 896 F.Supp.2d at 755.  The Plaintiffs' assertion that the running of the statute of

limitations on the Lease Agreements has a direct consequence on a Guarantor's obligations is inaccurate.   For our purposes, the running of the statute of limitation on the Lease Agreements is immaterial.  It is clear that Illinois law views guarantees as a separate obligation which has no bearing on the limitations period for a lease provision. *Cessna Fin. Corp. v. Brown*, 88 C 3369, 1995 WL 462190, at *1 (N.D. Ill. Aug. 3, 1995) (determining that a cause of action seeking enforcement of a guaranty was subject to a ten year statute of limitations).  Due to the distinct nature of guarantees, they are subject to a ten year statute of limitations.  735 ILCS 5/13-206. The Plaintiffs asserted in their SAC that the small claims suits were filed "almost ten years after the debts occurred."   Because Pushpin filed suit within the applicable time period of ten years, the small claims suits seeking to enforce the Guaranty Agreements were valid.  The Plaintiffs have failed to establish their ICFA claim.  The Court grants the Defendants' motion to dismiss Count IV.

The Court grants the Defendants' motion to dismiss the Plaintiffs' ICFA claims enumerated in Counts I, II, III and IV.

**II. Count V- Abuse of Process Claim**

The Defendants posit that the Plaintiffs have failed to sufficiently allege an abuse of process claim.  "The *only* elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the

proceedings." *Kumar v. Bornstein*, 820 N.E.2d 1167, 1173 (Ill. App. Ct. 2004) (emphasis in original).

The Defendants contend that the Plaintiffs have failed to allege that the small claims cases were brought for an ulterior purpose other than the collection money. "In order to satisfy the first element, a plaintiff must plead facts that show that the defendant instituted proceedings against him for an improper purpose, such as extortion, intimidation, or embarrassment." *Id.* The Plaintiffs counter that the initiation of the 3,000 small claims lawsuits which were pursued in violations of the ICFA and ICAA, constitute an improper purpose. The Plaintiffs have not alleged that the small claims lawsuits were brought for an ulterior purpose, as opposed to the alleged unlawful nature of the lawsuits. In the absence of some nefarious motive or purpose, the Plaintiffs have failed to sufficiently plead the first element of an abuse of process claim.

Assuming arguendo that the Plaintiffs had sufficiently pled an ulterior purpose of the Defendants' action, they still fail to allege the second element of an abuse of process claim. In order to satisfy the second element, the plaintiff must plead facts that show a misapplication of process, or, in other words, the plaintiff must show that the process was used to accomplish some result that is beyond the purview of the process. *See Neurosurgery & Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 930 (Ill. App. Ct. 2003). When process is used only for its intended purpose, there has been no misapplication of process. *Id.* The Plaintiffs have not alleged that the

Defendants filed the small claims suits to accomplish some objective that extended

beyond the purview of their debt collection activities.  The Court grants the

Defendants' motion to dismiss Count V.

### III. Count VI- Malicious Prosecution Claim

The Defendants assert that the Plaintiffs have failed to sufficiently plead a

malicious prosecution claim.  A party asserting a cause of action for malicious

prosecution in Illinois must allege facts establishing: (1) "that the defendant instituted

the underlying suit without probable cause and with malice"; (2) "that the former

action was terminated in the plaintiff's favor," and (3) "that as a result of the

underlying action the plaintiff suffered a special injury beyond the usual expense, time

or annoyance in defending a lawsuit." *Miller v. Rosenberg*, 749 N.E.2d 946, 952 (Ill.

2001).

The Defendants specifically contend that the Plaintiffs have failed to allege that

they suffered a "special injury beyond the damages generally sustained in defending a

lawsuit." *Harmon v. Gordon*, 712 F.3d 1044, 1056 (7th Cir. 2013).  The Plaintiffs

allege in their SAC that they suffered special injuries by filling the small claim

lawsuits against non-residents, requiring travel and defense costs.  The Plaintiffs'

alleged special injury does not rise to the level of "special damage[s] beyond the usual

expense, time, or annoyance in defending a lawsuit." *Id.*  The Plaintiffs have failed to

plead that they incurred a special injury and therefore have not sufficiently established

a malicious prosecution claim.  The Court grants the Defendants' motion to dismiss

Count VI.

<p style="text-align:center"><strong>CONCLUSION</strong></p>

For the aforementioned reasons, the Court grants the Defendants' motion to

dismiss Counts I, II, III, IV, V, and VI of the Plaintiffs' SAC.

Date: 3/23/2015

_____
Charles P. Kocoras
United States District Court Judge

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. JOHNSON, | ) | |
| on behalf of himself and on behalf of | ) | |
| similarly situated plaintiffs, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 13 C 7468 |
| | ) | |
| PUSHPIN HOLDINGS, LLC, JAY | ) | |
| COHEN, LEONARD MEZEI, | ) | |
| ARI MADOFF, ALISHA ROSS, | ) | |
| LOUISA TATBAK, SHAUN | ) | |
| REDWOOD, GCN HOLDINGS, LLC, | ) | |
| and CIT FINANCIAL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

Now before the Court is Plaintiffs' Motion for Reconsideration (Dkt. 111) of the Court's March 23, 2015 Memorandum Opinion (Dkt. 105) dismissing all claims in Plaintiff's Second Amended Class Action Complaint (Dkt. 73) pursuant to Fed. R. Civ. P. 12(b)(6). Also before the Court is Plaintiffs' Motion for Leave to Supplement the Record (Dkt. 106), seeking to introduce various state court orders and transcripts from certain related small claims actions brought by Defendant Pushpin Holdings, LLC ("Pushpin") in the Circuit Court of Cook County against the named Plaintiffs here ("Plaintiffs"). For the following reasons, Plaintiffs' Motion to Supplement (Dkt. 106) is granted, and their Motion for Reconsideration (Dkt. 111) is denied.

## BACKGROUND

The claims alleged in Plaintiffs' Second Amended Class Action Complaint ("Complaint" or "Compl.") are described in greater detail in the Court's March 23 Opinion (Dkt. 105), with which familiarity is assumed. In sum, the Complaint alleges that New York based Pushpin (owned and controlled by Defendants Cohen and Mezei) improperly engaged in debt collection activity in Illinois—without being licensed as a foreign company doing business, or registered as a debt collection agency, in Illinois—by filing over 3,000 allegedly meritless small claims lawsuits in the Circuit Court of Cook County against the named Plaintiffs herein and similarly situated individuals. Compl., Dkt. 73, ¶¶ 2-5, 9-10, 18, 46-47.

According to the Complaint, Pushpin filed these cases seeking to collect under certain "Guaranty Agreements" executed in connection with "Lease finance agreements" used by Defendant CIT Financial to market credit card processing machines to consumers and businesses throughout the United States prior to 2003. *Id.* at ¶¶ 22-27, 34. The Complaint alleges that Defendant GCN Holdings (also owned and controlled by Cohen and Mezei) acquired the debt owed under these Lease and Guaranty agreements, and transferred the collection responsibilities in connection therewith to Pushpin, which then sued more than 3,000 Guarantors under these agreements between March 2010 and November 2014. *Id.* at ¶¶ 34, 38, 40, 44. According to the Complaint, Defendant Ari Madoff filed those cases as Pushpin's attorney "with knowledge that the lawsuits were without merit." *Id.* at ¶ 47.

2

Plaintiffs' Complaint asserts several theories to support their allegation that the small claims cases Pushpin filed against them lacked merit (which theories correspondingly delineate Plaintiffs' putative class and subclasses). Plaintiffs contend that: (1) "Any Judgment entered in an action filed by a party not registered or licensed under the Illinois Collection Agency Act, when required to do so, is void," *id*. at ¶ 172; (2) "Illinois law precludes a Creditor from collecting from a Guarantor when the obligations of the Principal Debtor have been discharged or terminated," and thus where (as alleged here) the claims against the principal debtor "Lessees" are "barred by the four-year statute of limitations," *id*. at ¶ 150; (3) Illinois law similarly precludes relief against a guarantor where the principal debtor "is a corporation which was dissolved more than five years before the small claims Complaint was filed," and thus after "the time for winding up its affairs has passed," again because the creditor may no longer "recover against the Principal Debtor," *id*. at ¶¶ 148, 164; (4) the Guaranty Agreements asserted against some named Plaintiffs (and some putative plaintiffs) were "executed by unauthorized people" (*i.e.* "were forged"), *id*. at ¶¶ 30, 148; and (5) where "the Lessee and the Guarantor are the same person," the "Guaranty Agreements are illusory and unenforceable." *Id*. at ¶¶ 148, 163.

Based on these theories, Plaintiffs' Complaint purported to assert claims for: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Counts II-IV); (2) abuse of process (Count V); and (3) malicious prosecution (Count VI). *Id*. at ¶¶ 153-91. The Court's March 23 Opinion concluded

that each of these claims failed as a matter of law, and therefore granted Defendants'
motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See*
Dkts. 89, 105.  Plaintiffs now seek reconsideration.[1]  And to bolster that request (and
apparently anticipating an appeal), Plaintiffs also seek leave to introduce several state
court orders and transcripts from the small claims cases filed by Pushpin against the
named Plaintiffs here.  *See* Supp. Mem., Dkt. 107, at 2 ("Motions to supplement the
Record should first be presented to the District Court, when possible.").

According to Plaintiffs, these materials "add context to this Court's discussion
of the status of the small claims cases" and "context to the allegations that Final
Judgments have been entered in favor of the current Plaintiffs (Defendants in the
small claims cases) as alleged in" Plaintiffs' Complaint.  *Id*. at 3.  But while these
materials may add context to Plaintiffs' allegations, they add no strength to Plaintiffs'
claims.  Nor do they mitigate the admissions in Plaintiffs' Complaint demonstrating
that the legal theories underlying their ICFA claims here were met with a cold
reception when asserted as defenses to Pushpin's small claims in state court:

---

[1] The Court's March 23 Opinion also rejected several additional theories
alleged by Plaintiffs as bases for Defendants' ICFA liability, for which Plaintiffs do
not seek reconsideration:  (1) that the small claims complaints Pushpin filed "fail to
allege facts establishing standing of Pushpin" to sue, Compl., Dkt. 73, at ¶ 45; (2) that
the claims Pushpin filed were "barred by the Doctrine of Laches," *id*. at ¶ 161; and (3)
that the Lease and Guaranty agreements "are void, unlawful, and unenforceable" due
to forum selection, venue, and other provisions amounting to "disguised unlawful
penalties for breach of contract,  *id*. at ¶¶ 155-59.  *See* Opinion, Dkt. 105, at 10-15,
19;  Dkts. 111-12.  None of these theories nor Count I of Plaintiffs' Complaint (which
relied on the last of these theories) is addressed herein.

- "Colleen Kitchens retained an attorney to defend the Complaint and filed a Motion to Dismiss, which was denied," Compl., Dkt. 73, ¶ 61;

- "Alicia Holton retained an attorney who filed a Motion to Dismiss.   The Motion to Dismiss was denied," *id.* at ¶ 70;

- "Robert Rotella retained an attorney to defend the small claims case and filed a Motion to Dismiss, which was denied," *id.* at ¶ 77;

- "Stephen Garcia-Agosto retained an attorney to defend the small claims case. His Motion to Dismiss was argued and denied," *id*. at ¶ 83;

- "Erik Rinkoff retained an attorney who filed a Motion to Dismiss, which was argued and denied."  *Id*. at ¶ 101.

Plaintiffs' imply that this spate of harmful rulings ended when one state judge who was originally unreceptive to Plaintiffs' arguments later changed her mind "while ruling on a similar motion" in a later case, and concluded "that she should have granted the Motions to Dismiss in previous cases."  *Id*. at ¶¶ 65, 71, 77, 83, 101. Plaintiffs' motion to supplement now seeks to introduce the transcripts and orders related to that reversal.  *See* Supp. Mot., Dkt. 106, ¶ 6.  But this information is hardly new.  As the foregoing paragraphs of Plaintiff's Complaint explain, this sea change occurred during a hearing on November 17, 2014, and the transcript from this hearing, which Plaintiffs now seek to add to the record here, is dated January 12, *see* Dkt. 106-2, at 21—all before Plaintiffs filed their brief in opposition to Defendants' Motion to Dismiss this case on January 19, 2015.  So why not cite it earlier?  Because the transcript from this November 17 hearing reveals that, while adopting one of Plaintiffs' arguments (precluding recovery against a guarantor if the claim against the principal debtor is time-barred), the state judge continued to reject Plaintiffs' other

5

arguments as "incredibly weak," adding that she "would never grant the motion on those grounds," and that "in the prior cases that [she] ruled in, it was even worse," particularly the argument (among those Plaintiffs now ask to be reconsidered) that "Pushpin Holdings is a debt collector and isn't registered." *Id*. at 11, 17.

The other transcripts Plaintiffs seek to introduce are a similarly mixed bag.  For instance, when the same state judge later vacated one of her earlier orders rejecting Plaintiffs' statute of limitations defense (in the reversal on which Plaintiffs rely so heavily here), she did so with ambivalence:  "It's an interesting question, and we're waiting for you to take it up on appeal. . . . I looked at it one way in the beginning, but I thought better of it.  And I think this is right, but I could be wrong.  There's nothing directly on point about the statute of the limitations running.  We've got other scenarios."  Dkt. 120-4 (Shoate Tr.), at 5-6.  Thus, far from holding that Pushpin's claims were "meritless" as Plaintiffs contend here, Dkt. 112 at 3, the state judge on whom Plaintiffs now hinge their claims credited Pushpin's position as "somewhat reasonable."  *Id*. at 3-4.  And when the same state judge considered a different Plaintiff's forgery defense (in another ruling Plaintiffs assert here), she did so with skepticism:  "Well, personally, I wasn't really impressed by this affidavit.  It's a little flimsy, and it might be really crafty wording."  Dkt. 106-5 (Wein Evans Tr.), at 6.  Nevertheless, because the affidavit was "uncontested"—though Pushpin's counsel explained that a small claim allows for no discovery without leave of court—the judge dismissed the case anyway.  *Id.* at 6-7.

Based on these state court rulings ultimately accepting their statute of limitations defense (in some cases) and their forgery defense (in one other), Plaintiffs now seek reconsideration of this Court's March 23 Opinion which rejected those arguments as bases for Plaintiffs' ICFA claims here. Plaintiffs posit that this Court "is bound" by those state court rulings "under the principles of *res judicata*, collateral estoppel, and the *Rooker-Feldman Doctrine*," and, indeed, that the Court "lacked subject matter jurisdiction" under *Rooker Feldman* "to enter a contrary ruling" on the same issues. Mot., Dkt. 111, ¶¶ 7, 8; Mem., Dkt. 112, at 5-7; Reply, Dkt. 119, at 7-9. Plaintiffs then go on to argue (in a curious twist of logic) that the Court also committed manifest error by rejecting other bases for Plaintiffs' ICFA claims, which one of the same state judges rejected as "incredibly weak"—including Plaintiffs' contention that "Pushpin violated the ICAA and therefore the ICFA by filing 3,000 small claims cases without registering as a debt buyer/debt collector," Dkt. 112, at 3— which the same judge found "even worse." *See* Dkt. 106-2, at 11.

Thus, according to Plaintiffs, this Court is precluded from disagreeing with any point that Plaintiffs won in state court, but also committed manifest error by rejecting the arguments they lost. The Court disagrees on both fronts. As explained below, Plaintiffs' assertion of the *Rooker-Feldman* doctrine is misplaced, and the requirements of *res judicata* and collateral estoppel are similarly unmet here. The Court also disagrees that it committed any error in concluding that Plaintiffs' Complaint fails to allege a cognizable claim under the ICFA.

7

## LEGAL STANDARDS

Plaintiffs style their reconsideration request as a "Motion for Reconsideration and to Alter and/or Amend the Judgment and Dismissal Order under Fed. R. Civ. P. 59(a) and (e) and 52(b)." *See* Dkt. 111. The reference to Rule 59(a) is perplexing, since the Court's March 23 Opinion arose under Rule 12(b)(6), not the trial Rule 59(a) contemplates. Defendants, on the other hand, assert that the motion should be treated solely under Rule 59(e). Def. Resp., Dkt. 116, at 4 n.2.

Although the Court had not entered a judgment order after its March 23 Opinion when Plaintiffs filed the instant motion, a motion to "alter or amend" (or some "synonym" such as "reconsider") still may be brought under Rule 59(e) "even if the Rule 58 judgment order has not yet been made or docketed." *Borrero v. City of Chi.*, 456 F.3d 698, 699-700 (7th Cir. 2006). "To establish relief under Rule 59(e), a 'movant must demonstrate a manifest error of law or fact or present newly discovered evidence.'" *Vesley v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)). A district court also retains "discretion to reconsider 'an interlocutory judgment or order at any time prior to final judgment.'" *See Mintz v. Caterpillar Inc.*, No. 14-1881, -- F.3d --, 2015 WL 3529396, at *5 (7th Cir. June 5, 2015) (treating motion to vacate summary judgment as motion to reconsider interlocutory judgment or order because "no final judgment had been entered yet") (quoting C.A. Wright, *et al.*, *Federal Practice and Procedure Civil* § 2852 (3d ed. 1998)). Such a motion "is governed by the doctrine of the law of

the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous," *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006), or "a significant change in the law or facts since the parties presented the issue to the court." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

Plaintiffs' Verified Motion for Leave to Supplement the Record (Dkt. 106) also points in multiple directions. Plaintiffs' opening memorandum cites decisions authorizing both consideration of documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to his claim," *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002), and supplementation of an appellate record. *See* Dkt. 107, at 2-3. Plaintiffs' reply then argues for "judicial notice" of the proffered state court orders and transcripts, and further cites Fed. R. Civ. P. 15(a)'s instruction that a district court "should freely give leave" to amend "when justice so requires." Dkt. 118, at 2-4. Putting aside the lateness of Plaintiffs' assertion of Rule 15(a),[2] their request to amend—to add the documents as "an exhibit" to their Complaint "for all purposes" under Fed. R. Civ. P. 10(c)—is unnecessary.

The instant motions seek reconsideration of a dismissal under Rule 12(b)(6), for which the Court may consider "documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v.*

---

[2] *See Nationwide Ins. Co. v. Central Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013) (arguments first raised in a reply brief are waived).

*City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The state court orders and transcripts that Plaintiffs offer in their motion to supplement are both referred to in their Complaint (*see* ¶¶ 65, 71, 77, 83, 101) and subject to proper judicial notice, because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b) and acknowledging proper judicial notice of court records, including transcripts).[3] These records, therefore, may be considered in a Rule 12(b)(6) motion to dismiss, and likewise in a motion to reconsider a ruling granting such a motion.

Accordingly, although the Court is "not obliged" to consider "belatedly submitted" materials that were available prior to its March 23 Opinion granting the motion to dismiss in this case, *see Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995), in the interest of completeness, the Court nonetheless will consider all of the state court orders and transcripts Plaintiffs have submitted (*see* Dkts. 106 and 120), regardless of whether they were issued before or after the Court's Opinion. As shown below, however, those materials do not warrant reconsideration of the conclusions in that Opinion. Instead, they compel the same result the Court originally reached.

---

[3] *See also Spaine v. Comm. Contacts, Inc.*, 756 F.3d 542, 545 (7th Cir. 2014) ("we may take judicial notice of publicly available records of court proceedings," including transcripts) (citing *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013) (acknowledging proper judicial notice of transcripts in public record on Rule 12(c) motion for judgment on the pleadings)); *Ray v. City of Chi.*, 629 F.3d 660, 665 (7th Cir. 2011) (court may take judicial notice of transcript from another proceeding when deciding motion to dismiss).

## DISCUSSION

**I.     Plaintiffs' Assertion that Pushpin's State Court Claims Violated the ICFA Because Claims against the Principal Debtors were Time-Barred**

The Court begins with Plaintiffs' jurisdictional attack under the *Rooker-Feldman* doctrine (as a means of fortifying their reliance on *Riley Acquisitions, Inc. v. Drexler*, 408 Ill. App. 3d 397, 946 N.E.2d 957 (1st Dist. 2011), to support their ICFA claims).   According to Plaintiffs, the state small claims court accepted Plaintiffs' argument that *Riley Acquisitions* precluded Pushpin's state court claims against them because relief against the principal debtors was time-barred, and this Court "lacked subject matter jurisdiction to enter a contrary ruling on the same issue under the *Rooker Feldman Doctrine.*"   Reply, Dkt. 119, at 7.   Not so.

The Seventh Circuit has made clear that *Rooker-Feldman* is "narrowly confined" to cases brought by "state-court losers" who are "attacking the judgment itself."   *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 705 (7th Cir. 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *GASH Assocs. v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993)).   Thus, as the Seventh Circuit held in this case, the doctrine does not apply where (as here) the party who lost in state court "does not seek to disturb the judgment of the state court." *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014).   So long as the federal court action "presents some independent claim, albeit one that denies a legal conclusion that a state court has reached," *Rooker–Feldman*, does not apply.   *Saudi Basic Indus.*, 544 U.S. at 293 (brackets omitted, quoting *GASH Assocs.*, 995 F.2d at

11

728).  Nor does the doctrine apply where (again, as here) "a state court reaches

judgment on the same or related question while the case remains *sub judice* in a

federal court."  *Id*. at 292-93.  In that case (as here), disposition of the federal case

"would be governed by preclusion law," which "is not a jurisdictional matter."  *Id*.

Plaintiffs are thus relegated to *res judicata* and collateral estoppel in their effort

to preclude this Court from disagreeing with the state small claims court on the effect

of *Riley Acquisitions*.  But these doctrines are likewise inapplicable.  As to the first,

*res judicata* (or "claim preclusion," as Plaintiffs' assert here) "bars any subsequent

actions between the same parties or their privies on the same cause of action,"—*i.e.*,

that "arise from a single group of operative facts, regardless of whether they assert

different theories of relief"—including both "matters that were actually decided in the

original action" and "matters that could have been decided."  *Walczak v. Chi. Bd. of

Educ.*, 739 F.3d 1013, 1016-17 (7th Cir. 2014); *see also* Mem., Dkt. 112, at 5-6.  But

Defendants have brought no such "cause of action."  The potential for claim

preclusion in this case, therefore, would be against the claims now brought by

Plaintiffs (counterclaims they could have brought in state court), not Defendants.[4]

---

[4] Plaintiffs' contention that *res judicata* does not bar their claims here because "Illinois does not have a compulsory counterclaim rule," Mem., Dkt. 112 at 6, "misses the mark."  *Amari Co., Inc. v. Burgess*, 955 F. Supp. 2d 868, 879 n.6 (N.D. Ill. 2013).  "Under Illinois law, any claim that could have been brought, whether it had to be or not, is barred by *res judicata* if the doctrine applies."  *Id.*; *Cummins, Inc. v. TAS Distrib. Co.*, 700 F.3d 1329, 1337 (Fed. Cir. 2012) (same).  *See also Ruffino v. Bank of Am, N.A.*, No. 13 C 50124, 2013 WL 5519456, at *4-5 (N.D. Ill. Oct. 3, 2013) (ICFA claim barred by *res judicata* because it was "one that plaintiff could have raised in the state court foreclosure action").

This leaves collateral estoppel, which bars relitigation of an issue determined in a prior case, provided (among other requirements) the previously determined issue is "identical to the one presented in the suit in question." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009). Here, however, the issue decided in the small claims actions—that Pushpin "can't go after" the guarantor "because the statute has run" against the principal debtor, Dkt. 120-4 (Shoate Tr.) at 4-6—differs substantially from the issue decided by this Court's March 23 Opinion—that Pushpin's claims against the guarantors were not "unfair under the ICFA." Dkt. 105, at 14. Nor do these rulings conflict. To the contrary, this Court's conclusion that Pushpin's claims were not unfair jibes perfectly with one state judge's conclusion that Pushpin's position was "somewhat reasonable," since it "isn't as if the underlying cause of action or action on the lease is truly barred necessarily." Dkt. 120-4 (Shoate Tr.), at 3-6. *Id.* And to the extent this Court's reasoning differs from the state court's (which incorrectly applied *Riley Acquisitions*), there are compelling reasons that collateral estoppel does not preclude it. *See* Mem., Dkt. 112, at 6-7.

As even Plaintiffs concede, collateral estoppel "is an equitable doctrine," *id.* at 6, meaning that "the doctrine should not be applied unless it is clear that no unfairness will result to the party that would be estopped." *Goodwin v. Bd. of Trs. of Univ. of Ill.*, 442 F.3d 611, 621 (7th Cir. 2006). "In determining whether unfairness results, courts should look to the party's incentive to litigate the issue in the prior action," *id.*, particularly where (as here) "the amount at stake in the first litigation was

13

insignificant." *Talarico v. Dunlap*, 177 Ill. 2d 185, 192, 685 N.E.2d 325, 328 (1997).

Plaintiffs' Complaint and the transcripts they now offer make clear that the small

claims Pushpin brought incentivized neither side to litigate, fully through appeal in

any single case, an issue that now affects 3,000 claims in this case.[5]   The Illinois

Supreme Court has denounced the application of collateral estoppel under such

circumstances, because "forcing defendant to appeal in order to prevent application of

estoppel in later cases is unfair and does not promote efficiency."   *Herzog v.*

*Lexington Twp.*, 167 Ill. 2d 288, 298, 657 N.E.2d 926, 931 (1995).   This principle

applies with particular force here, where one state judge, on which Plaintiffs now rely

so heavily, openly acknowledged that her statute of limitations conclusion "could be

wrong" and that she was "waiting" for Pushpin "to take it up on appeal," as there was

(in her view) "nothing directly on point."   Dkt. 120-4 (Shoate Tr.) at 5-6.   But there

was authority directly on point—a case against Pushpin itself—which held (contrary

to the state court's conclusion) that "written guarantees are subject to the 10-year

statute of limitations in 735 ILCS 5/13-206 despite the fact that the statute of

limitations on the underlying debt has run."   *Armbrister v. Pushpin Holdings, LLC*,

896 F. Supp. 2d 746, 755 (N.D. Ill. 2012).

---

[5] *See, e.g.*, Compl. ¶¶ 34, 105, 127, 139 ("the cost of defending the small claim cases exceeded the amount claimed"); Dkt. 120-3 (Garcia Tr.) at 5 ("The cost of defending these cases usually by out of state defendants is usually greater than the amount that is claimed"); Dkt. 106-5 (Wein Evans Tr.) at 5 ("It's a small claim, Judge.   There's no discovery."); Dkt. 106-3 (Rinkoff Tr.) at 17 ("the absence of an appeal on a $1,200 case where my client doesn't want to pay for an appeal, isn't somehow to stop me from raising defenses").

The two small claims judges who addressed this question were nevertheless persuaded that the Illinois Appellate Court's decision in *Riley Acquisitions* precludes relief against a guarantor where a claim directly against the principal debtor was outside the applicable limitations period, and, therefore, disregarded *Armbrister* as a "diametrically opposed" "Federal Court opinion" that could not "overrule Riley." *See*, *e.g.*, Dkt. 106-2 (Krier Tr.) at 12; Dkt. 106-3 (Rinkoff Tr.) at 9-10, 18; Dkt. 106-4 (Holton Tr.) at 17-18; Dkt. 106-7 (Canterbury Tr.) at 21.   But *Riley* held no such thing.   In fact, the *Riley* court expressly **declined** to "reach the alternative ground of the statute of limitations" and instead held only that relief was unavailable against the guarantor in that case due to the two principal debtors' "respective dissolution and release."   *Riley Acquisitions*, 408 Ill. App. 3d at 403-04, 946 N.E.2d at 965-66.   And Plaintiffs here did not succeed on their dissolution defense in state court, and did not assert release.   *See* Dkt. 106-6 (Hixon Tr.) at 5; Dkt. 106-7 (Canterbury Tr.) at 5-7; Dkt. 106-8 (Marsh Tr.) at 6.   Yet Plaintiffs' counsel in the state cases (and here) successfully argued to both state judges that *Riley* was "right on point" (it wasn't); that *Riley* came after *Armbrister* (it didn't); that *Riley* "doesn't even cite" *Armbrister* (it couldn't); and that *Armbrister* "doesn't address the issue" (it does).   Dkt. 106-4 (Holton Tr.) at 16-17; Dkt. 106-3 (Rinkoff Tr.) at 15-16.   This Court is not obliged to adopt the same unfounded assertions.   *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1023 (7th Cir. 2006) (denying collateral estoppel effect to state court conclusions based on "unsound reasoning").

15

Nor is the Court disposed to disregard the plain language of the Guaranty agreements that Pushpin asserted against Plaintiffs in the small claims cases. Those agreements recite (1) "a continuing Guaranty," (2) that "unconditionally guarantees to Lessor the prompt payment when due of all Lessee's obligations to Lessor under the Lease," (3) that the Lessor is not "required to proceed against Lessee or the Property or enforce any other remedy before proceeding against" the Guarantor, (3) and that the Guarantor "consents to any extensions or modifications granted to Lessee and the release and/or compromise of any obligation of Lessee or any obligors and guarantors *without in any way releasing the undersigned from its obligations*." Dkt. 91-2 at 2 (emphasis added). Contrary to Plaintiffs' arguments, *Riley* expressly acknowledged that such a "continuing Guaranty" that allows for "release and/or compromise" of the principal debtor "without in any way releasing" the guarantor, *id.*, would *by its terms* survive a release of liability of the principal debtor. *Riley Acquisitions*, 408 Ill. App. 3d at 403, 946 N.E.2d at 965 (distinguishing a guaranty stating that the guarantor "is only liable on the guaranty contract when the principals have an obligation" from one "expressly stating" that the guarantor is liable "when the principal is not").

Accordingly, even under *Riley Acquisitions*, the Guaranty agreements that Pushpin asserted in state court explicitly allowed for claims against Plaintiffs where relief was nevertheless unavailable against the principal debtors (because it was time-barred or the principal debtor was dissolved more than five years before the complaint was filed). Indeed, Pushpin was "not required to proceed against" the principal debtor

16

or to "enforce any other remedy before proceeding against" the Guarantors.  Dkt. 91-2

at 2.  Any contrary conclusion by the state court was thus "unsound" and not entitled

to collateral estoppel effect.  *See Sornberger*, 434 F.3d at 1023.  But regardless, this

Court's conclusion that Pushpin's claims based on such unconditional guarantees did

not violate the ICFA is consistent with both *Riley Acquisitions* and the state court's

conclusion that Pushpin's claims were "somewhat reasonable" in any case.  Dkt.

120-4 (Shoate Tr.), at 3-6.  Plaintiffs' request to reconsider this Court's ruling based

on *Riley* and the state court's dismissals is, therefore, denied.

## II.     Plaintiffs' Assertion that Pushpin's State Court Claims Violated the ICFA Because Some Guaranty Agreements were Allegedly Forged

Plaintiffs' reconsideration request regarding dismissal of their forgery-based

ICFA claim fails for similar reasons.  Plaintiffs contend that the Court's ruling that

Plaintiffs failed to allege such a claim adequately under Fed. R. Civ. P. 9(b) is again

"contrary" to one of the state court's judgments "in violation of the principles of *res

judicata*, collateral estoppel and the *Rooker-Feldman Doctrine*."  Mem., Dkt. 112, at

7.  But as explained above, *Rooker-Feldman* does not apply because this action

preceded, and "does not seek to disturb," the state court's judgment.  *See supra* Part I

(citing *Saudi Basic Indus.*, 544 U.S. at 292; *Johnson*, 748 F.3d at 773).  *Res judicata*

does not apply because Defendants have brought no "cause of action" that was

decided in the state court.  *Walczak*, 739 F.3d at 1016-17.  And collateral estoppel

does not apply because the Court's conclusion addressed a different issue—*i.e.*,

17

whether Plaintiffs' ICFA allegations were pled with the specificity required by Rule 9(b)—than did the state court—*i.e.*, whether Pushpin's small claim against one particular Plaintiff (Krystyn Wein Evans) should be dismissed "because she did not sign the Guaranty Agreement."  Mem., Dkt. 112, at 6; *see also Hukic*, 588 F.3d at 431 (collateral estoppel requires issue "identical to the one presented in the suit in question").  But as importantly, the state court transcript Plaintiffs offer to support their forgery claim here further demonstrates the inequities of imposing collateral estoppel on this issue, both because Pushpin had little incentive or opportunity to litigate the point in small claims court, and because the state court's remarks, once again, make this Court's point.

While the state judge dismissed Pushpin's claim against Ms. Wein Evans based on her "uncontested affidavit," the judge also noted the affidavit's "flimsy" character and "crafty wording," and the need "to take her deposition" or request "her driver's license to see her signature."  Dkt. 106-5 (Wein Evans Tr.) at 5-7.  And although Pushpin's counsel explained that a small claim allows for no discovery without leave of court, lacking any contrary evidence, the state judge granted summary judgment in Ms. Wein Evans' favor nonetheless.  *See id*. ("that's the only evidence I have").  This colloquy demonstrates not merely a lack of incentive by Pushpin to litigate the issue fully in state court, but a lack of opportunity.  It would be wholly inequitable now to bind Pushpin in a class action to this single summary judgment ruling on a state court small claim—based on a "flimsy" affidavit, without the benefit of discovery to test it,

*see Herzog*, 167 Ill. 2d at 296, 657 N.E.2d at 930 (collateral estoppel inappropriate where "there may be procedural opportunities available in the subsequent case that could cause a different result")—particularly when a different state judge rejected the same forgery defense from a different Plaintiff (Kenneth Canterbury) because his affidavit, too, was "really unclear on this issue."  Dkt. 106-7 (Canterbury Tr.) at 5-6.

This commentary by two state judges denigrating Plaintiffs' forgery defenses in state court as "flimsy," "crafty," and "really unclear" also demonstrates the inadequacy of Plaintiffs' forgery allegations here.  Rule 9(b) plainly requires more to allege forgery in federal court, including "who forged the signature," "each person's role in the conspiracy," "or where or when this forgery took place."  *See Fed. Deposit Ins. Co. v. Vann*, No. 11 C 3491, 2013 WL 704478, at *4 (Jan. 23, 2013).  Plaintiffs do not dispute (nor could they) that their Complaint fails to provide such information.  Indeed, Plaintiffs concede their failure to allege "who signed their names, when they were signed or where they were signed," Mot., Dkt. 111, at 8, but argue that such information is "peculiarly within the knowledge of the forgers and not the Plaintiffs." Mem., Dkt. 112, at 7.  Such an excuse is unacceptable where (as here) a party to a financial transaction conveniently denies its signature on the document "ultimately used to obtain the financing" but not the transaction itself.  *Vann*, 2013 WL 704478, at * 5; *see also* Compl., Dkt. 73, at ¶ 114 (alleging that Wein Evans "is the Lessee, under the fictitious name Wholesale Stop, and is also the Guarantor," and that the Guaranty is, therefore, "illusory because a party may not guarantee their own obligations").

Nor is this failing mitigated by the argument in Plaintiffs' brief that they have alleged other facts instead:  *i.e.*, that some unidentified Defendants "used aggressive marketing practices accepting forgeries and unauthorized signatures" and then "filed multiple small claims cases, using false Affidavits attached to the Complaints" that were "prepared on an assembly-line basis with knowledge of the Defendants that the Affiants did not know the truth of the statements they were swearing to."  Mem., Dkt. 112, at 7.  For one thing, this story "impermissibly lumps" such unidentified "Defendants" together.  *Vann*, 2013 WL 704478, at *4.  But it also fails to allege "actual facts" regarding any Defendant filing any complaint against any Plaintiff based on a forged guaranty.  *See Drobny v. JP Morgan Chase Bank, NA*, 929 F. Supp. 2d 839, 846-47 (N.D. Ill. 2013) ("Plaintiffs confuse their obligation to state a 'plausible' claim with the obligation to allege *actual facts*, not merely facts that may 'plausibly' be true. . . . instead of pleading facts, Plaintiffs speculate that the indorsement is forged because they appear not to have facts as to why or when the indorsement was made.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Rather, at most, Plaintiffs speculate that ***some*** Defendant ***may*** have filed a complaint based on a forged guaranty due to ***some*** Defendants' "marketing practices accepting forgeries and unauthorized signatures," because the supporting affiant "did not know the truth of the statements they were swearing to."  "Such pleading-by-guesswork is improper."  *Drobny*, 929 F. Supp. 2d at 847 ("speculative" allegations of "robo signed" and "forged" finance documents failed under Rule 9(b)).

### III.   Plaintiffs' Assertion that Pushpin "Violated the ICAA and therefore the ICFA"

Plaintiffs further challenge the Court's ruling that Pushpin's alleged failure to register as a debt collector under the Illinois Collection Agency Act ("ICAA") before suing Plaintiffs did not constitute "an unfair practice under the ICFA."  Dkt. 105, at 23-24.  But here again, the state court transcripts Plaintiffs now offer work against them on this issue.  Indeed, both state judges rejected this argument, one calling it "even worse" than the other "incredibly weak" arguments Plaintiffs raised in state court.  *See* Dkt. 106-2 (Krier Tr.) at 11; Dkt. 106-7 (Canterbury Tr.) at 10-11, 27; Dkt. 106-8 (Marsh Tr.) at 10.  This Court agrees with the state court's assessment.

As Plaintiffs' Complaint concedes, one obstacle they face is the ICAA's limitation in 2008 to "the collection of consumer debts," *see* Compl., Dkt. 73-1, ¶ 170 (citing 225 ILCS 425/2), which the Lease Agreements at issue here expressly state they are not.  *See* Dkt. 91-2 ("under no circumstances shall this Lease be construed as a consumer contract").  As Plaintiffs' Complaint also admits, Pushpin was formed in 2010, and thus engaged in no collection efforts regarding Plaintiffs before 2008, *see* Dkt. 73, ¶ 34, 44, leading the state court to hold that the ICAA did not apply to Pushpin's claims.  *See* Dkt. 106-7 (Canterbury Tr.) at 10-11, 27; Dkt. 106-8 (Marsh Tr.) at 10.  That conclusion debunks Plaintiffs' contention here that "Pushpin violated the ICAA and therefore the ICFA by filing 3,000 small claims cases without registering as a debt buyer/debt collector."  Mem., Dkt. 112, at 3.  Plaintiffs

nevertheless challenge this Court's holding that, even if Pushpin were required to register under the ICAA, its filing of claims against Plaintiffs without having done so was not an unfair practice under the ICFA.  Dkt. 105 at 23.  According to Plaintiffs, the Court erred by relying on the Illinois Supreme Court's holding in *LVNV Funding, LLC v. Trice*, 2015 IL 116129, 32 N.E.3d 553 (2015), that a judgment procured by an unregistered debt collector is not "void," because (also according to Plaintiffs) Pushpin's small claims cases against them constituted "3,000 Class A misdemeanors, in violation of the ICAA," and thus "an unfair practice irrespective of whether the resulting Default Judgments are void or voidable."  Mem., Dkt. 112, at 4.

Again, this contention overlooks three state court rulings rejecting Plaintiffs' argument that Pushpin violated the ICAA by suing the Guarantors (Plaintiffs here) in those cases.  *See* Dkt. 106-2 (Krier Tr.) at 11; Dkt. 106-7 (Canterbury Tr.) at 10-11, 27; Dkt. 106-8 (Marsh Tr.) at 10.  But in any event, the Illinois Supreme Court expressly considered in *LVNV* the very argument Plaintiffs now make—that "the lack of a debt collection license" may be "a criminal offense"—and yet upheld the judgment and remanded the case "for confirmation" of the monetary award to the unregistered plaintiff.  *LVNV*, 2015 IL 116129, ¶¶ 49, 52.  Other Illinois decisions (both before and after *LVNV*) are to the same effect, holding that the complaints filed in such actions are valid, and the resulting judgments are not void.[6]  This Court cannot

---

[6] *See, e.g.*, *Deutsch Bank Nat'l Tr. v. Cichosz*, 2014 IL App (1st) 131387, ¶¶ 14-17, 19 N.E.3d 134, 138-39 (2014) (rejecting arguments that complaint filed by unregistered debt collection agency was a nullity and resulting judgment was void);

conclude that the filing of a valid complaint in pursuit of a judgment consistently enforced by Illinois courts (including the Illinois Supreme Court) constituted an unfair practice under the ICFA.  Nor does that conclusion follow under *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 775 N.E.2d 951 (2002), as Plaintiffs now argue. While Plaintiffs are correct that *Robinson* does not require all three "*Sperry*" criteria to establish an unfair practice—(1) "offends public policy," (2) is "immoral, unethical, oppressive, or unscrupulous," and (3) "causes substantial injury to consumers," *id.* at 417-18, 775 N.E.2d 961—Plaintiffs argue only that Pushpin's conduct "offends public policy."  Dkt. 112 at 5.  And this argument, too, has been considered and rejected in the Illinois Courts.  *See LVNV*, 2015 IL 116129 ¶ 3, -- N.E.3d -- (acknowledging "public policy" underlying ICAA but upholding judgment in favor of unregistered debt collector); *Deutsch Bank*, 2014 IL App (1st) 131387, ¶¶ 12-14, 19 N.E.3d at 137-38 (rejecting debtor's arguments that complaint filed by unregistered debt collection agency "is a nullity," that "this essentially was a violation of public policy," and that "the resulting judgment is void for public policy reasons").[7]

---

*JP Morgan Chase Bank, N.A. v. Ontiveros*, 2015 IL App (2d) 140145, ¶ 16, 27 N.E.3d 1027, 1032 (2015) (rejecting argument that "plaintiff's lack of proper licensing [as a "debt collector"] made its claim noncognizable"); *U.S. Bank Nat'l Ass'n v. Nwokobia*, 2015 IL App (3d) 130963-U, ¶ 39, 2015 WL 2232010, at *7 (2015) (unpublished) ("even if U.S. Bank had to register as a debt collector prior to filing this foreclosure action, its failure to do so would not have nullified the complaint and subsequent judgments thereon") (citing *Deutsche Bank*).

[7] Plaintiffs' companion contention that the Court further erred in requiring a reliance element for their ICFA claim based on this allegedly "unfair conduct," Dkt. 112 at 4, is similarly at odds with Illinois, and Seventh Circuit, case law.  *See*, *e.g.*,

23

## IV.   Plaintiffs' ICFA Claim Based on their "Illusory Guaranty" Agreements

Finally, Plaintiffs argue that the Court's March 23 Opinion erred also in rejecting their ICFA claim based on their own purportedly "Illusory" Guaranty Agreements.  According to Plaintiffs, Pushpin violated the ICFA by suing to collect in "those cases where the Lessee is a sole proprietor who also signed as Guarantor," because a guaranty is a promise to pay the debt of a "third person," and any guaranty for which the guarantor and principal debtor are not "separate entities" (as Plaintiffs Holton and Wein Evans contend here) is "meaningless, illusory and unenforceable." Mot., Dkt. 111 at 4-5.  This Court disagreed, *see* Dkt. 105 at 18, and still does.

Plaintiffs are not the first guarantors to claim that their signatures "impose no obligation," Dkt. 112 at 2, but the Illinois courts have rightly refused to hold such guarantees unenforceable on that basis.  Rather, when confronted with the argument that a defendant guaranteed "its own debt," or signed in a capacity so as to "render the guaranty meaningless," the Illinois courts have instead concluded that "a genuine issue of material fact exists as to the capacity in which [the] defendant signed the guaranty agreement."  *See*, *e.g.*, *Addison State Bank v. Nat'l Maint. Mgmt., Inc.*, 174 Ill. App. 3d 857, 860, 529 N.E.2d 30, 33 (2d Dist. 1988); *Zahl v. Krupa*, 365 Ill. App.

---

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (ICFA claim requires "defendant's intent that the plaintiff rely on the deceptive *or unfair* practice" (emphasis added)); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (same); *Galvan Nw. Mem. Hosp.*, 382 Ill. App. 3d 259, 263-64, 888 N.E.2d 529, 535 (1st Dist. 2008) (requiring "defendant's intent that the plaintiff rely on the *unfair or* deceptive practice" (emphasis added, citing *Robinson*, 201 Ill. 2d at 417, 775 N.E.2d at 960)).

3d 653, 660, 850 N.E.2d 304, 311 (2d Dist. 2006) (reversing dismissal of claim on guaranty: "Where language in the document conflicts with the apparent representation by the officer's signature, an issue of fact is created." (quoting *Sullivan v. Cox*, 78 F.3d 322, 326 (7th Cir. 1996) (citing *Knightsbridge Realty Partners, Ltd.-75 v. Pace*, 101 Ill. App. 3d 49, 53, 427 N.E.2d 815, 819 (1st Dist. 1981))).[8]  Indeed, that was exactly the conclusion reached by the state court in a case Pushpin filed against one such Guarantor here (Canterbury) who Plaintiffs conveniently neglect to mention in connection with this argument.  *See* Dkt. 106-7 (Canterbury Tr.) at 26 ("I don't think the affidavit has satisfied you with respect to that question of fact").

These decisions demonstrate (as this Court's March 23 Opinion held) that the Guaranty Agreements Pushpin asserted were not unenforceable merely because the Lessee and Guarantor may have appeared to be the same person or entity.  Rather, at the very least, such Agreements raised a factual issue as to the capacity in which those Guarantors signed those Agreements.  These decisions also compel the conclusion (as the Court's March 23 Opinion further held) that, because these Agreements could be enforced, Pushpin's actions to enforce them were not unfair acts under the ICFA.[9] Plaintiffs' motion to reconsider that ruling is, therefore, denied as well.

---

[8] *See also APV N. Am., Inc. v. Trans Indus. Dev. Corp.*, No. 5:07-CV-346 (CAR), 2009 WL 3190423, at *7 M.D. Ga. Sept. 30, 2009) (under Illinois law, "conflict between the language of a guaranty and the representative capacity of the signatory thereto creates a fact question" (citing *Addison State Bank*)).

[9] Contrary to Plaintiffs' suggestion, Dkt. 119 at 2, *Armbrister v. Pushpin* held no differently.  *Armbrister* merely acknowledged that a ten-year statute of limitations

# CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Verified Motion to Supplement the Record with various orders and transcripts from their state court cases (Dkt. 106). And the Court has considered those materials (along with those submitted in Plaintiff's Second Verified Motion to Supplement the Record (Dkt. 120) which the Court previously denied without prejudice, *see* Dkt. 123) in connection with Plaintiffs' Motion for Reconsideration (Dkt. 111) of this Court's March 23, 2015 Opinion. Having considered all of those materials, however, Plaintiffs' Motion for Reconsideration is nonetheless denied.

Dated: August 6, 2015

Charles P. Kocoras
United States District Judge

---

applies to "true guarantees," and that a misrepresentation to plaintiffs "that their debts were not time-barred, when they in fact were . . . ***could amount*** to a deceptive practice under the ICFA." *Armbrister*, 896 F. Supp. 2d at 756 (emphasis added). *Armbrister* did not blanketly hold (nor could it) that the plaintiffs' guarantees were unenforceable merely because they alleged that the same party both incurred the principal debt and guarantied it, since Illinois law plainly requires that dispute to be resolved by a trier of fact. *See supra* note 8 and accompanying text.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1**
**Eastern Division**

Michael B. Johnson, et al.

                                    Plaintiff,

v.                                                  Case No.: 1:13−cv−07468
                                                    Honorable Charles P. Kocoras

Pushpin Holdings, LLC, et al.

                                    Defendant.

_____

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, August 18, 2015:

          MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held.
Motion for entry of separate judgment document pursuant to F.E.D. R.CIV.P. 58 [125]
and [126] is granted. Mailed notice(vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

Michael B. Johnson,

Plaintiff(s),

v.

PUSHPIN HOLDINGS, LLC, JAY )
COHEN, LEONARD MEZEI, ARI )
MADOFF, ALISHA ROSS, LOUISA )
TATBAK, SHAUN REDWOOD, GCN )
HOLDINGS, LLC, and CIT FINANCIAL )
USA, INC., ,

Defendant(s).

Case No.  13 cv 7468
Judge Charles P. Kocoras

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
and against defendant(s)
in the amount of $          ,

which ☐ includes          pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒     other: This is a final and appealable judgment dismissing with prejudice all Counts of the plaintiffs' Second Amended Class Action Complaint [73] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to allege a cause of action for which relief may be granted.

---

This action was *(check one)*:

☐ tried by a jury with Judge      presiding, and the jury has rendered a verdict.
☐ tried by Judge      without a jury and the above decision was reached.

ILND 450 (Rev. 08/08 Judgment in a Civil Action)
Case: 1:13-cv-04668 Document #: 1329 Filed: 08/18/15 Page 62 of 84 PageID #:17804
Case: 15-2771    Document: 1-1    Filed: 08/19/2015    Pages: 92

☒ decided by Judge Charles P. Kocoras on a motion to dismiss by Defendants Pushpin Holdings, LLC; Jay Cohen; Leonard Mezei; Ari R. Madoff; Alisha Ross; Louisa Tatbak; Shaun Redwood; GCN Holding, LLC; and CIT Financial, USA, Inc. [89].

Date:   8/18/2015                              Thomas G. Bruton, Clerk of Court

                                               Vettina Franklin, Deputy Clerk

APPEAL,KIM,REOPEN,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:13-cv-07468
## Internal Use Only

Johnson v. Pushpin Holdings, LLC et al

Assigned to: Honorable Charles P. Kocoras

Demand: $9,999,000

Case in other court: CIRCUIT COURT OF COOK COUNTY,
LAW DIVISION, 2013 L 010173

Cause: 28:1446 Petition for Removal

Date Filed: 10/17/2013
Date Terminated: 03/23/2015
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Diversity

### Plaintiff

**Michael B. Johnson**                 represented by  **David Maxwell Duree**
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
OFallon, IL 62269
(618) 628-0186
Email: law@dmduree.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy Michelle Bardo**
The Consumer Advocacy Center, P.C.
180 W. Washington
Suite 700
Chicago, IL 60602
(312) 782-5808
Email: stacy@caclawyers.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Colleen Kitchens**                   represented by  **David Maxwell Duree**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Alicia Holton**                      represented by  **David Maxwell Duree**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Garcia-Agosto**                    represented by **David Maxwell Duree**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Robert Rotella, Sr**                       represented by **David Maxwell Duree**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Robert Marsh**                             represented by **David Maxwell Duree**
*also known as*                                             (See above for address)
Bobby Marsh                                                 *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Krystyn A. Wein**                          represented by **David Maxwell Duree**
*also known as*                                             (See above for address)
Krystyn A. Evans                                           *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Robin Krier**                              represented by **David Maxwell Duree**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Steven McNally**                           represented by **David Maxwell Duree**
*also known as*                                             (See above for address)
Steve McNally                                              *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Eric Rinkoff**                             represented by **David Maxwell Duree**
*on behalf of themselves, and on behalf of*                 (See above for address)
*and as representative of those who are*                    *LEAD ATTORNEY*
*similarly situated*                                        *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Joseph Fred Garcia**                       represented by **David Maxwell Duree**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

CM/ECF LIVE, Ver 6.1 - U.S. District Court, Northern Illinois      https://ecf.ilnd.circ7.dcn/cgi-bin/DktRpt.pl?110278046955467-L_1_0-1

Case: 1:13-cv-07468 Document #: 134 Filed: 08/19/15 Page 65 of 84 PageID #:1807
Case: 15-2771      Document: 1-1      Filed: 08/19/2015      Pages: 92

*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Pushpin Holdings, LLC**                  represented by  **Christina Elaine Lutz**
Levenfeld Pearlstein LLC
2 North LaSalle Street
Suite 1300
Chicago, IL 60602
312 346 8380
Email: celutz@lplegal.com
*ATTORNEY TO BE NOTICED*

**Gary Irwin Blackman**
Levenfeld Pearlstein
2 North LaSalle Street
13th Floor
Chicago, IL 60602
(312)346-8380
Email: gblackman@lplegal.com
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, IL 60602
(312) 346-8380
Email: jhirsh@lplegal.com
*ATTORNEY TO BE NOTICED*

**John V Baranello**
Moses & Singer Llp
405 Lexington Avenue
New York, NY 10174
(212) 554-7862
Email: jbaranello@mosessinger.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
Moses & Singer LLP
The Chrysler Bldg, 405 Lexington Avenue
12th FL
New York, NY 10174-1299
(212) 554-7800

Email: ssilberfein@mosessinger.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Cohen**     represented by     **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leonard Mezei**     represented by     **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ari R. Madoff**     represented by     **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alisha Rios**                     represented by **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Louisa Tatbak**                     represented by **Christina Elaine Lutz**
*also known as*                     (See above for address)
Louisa Ferrera                     *ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shaun Redwood**                    represented by **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GCN Holding, LLC**                 represented by **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CIT Financial USA, Inc.**          represented by **Christina Elaine Lutz**
(See above for address)
*ATTORNEY TO BE NOTICED*

CM/ECF LIVE, Ver 6.1 - U.S. District Court, Northern Illinois          https://ecf.ilnd.circ7.dcn/cgi-bin/DktRpt.pl?110278046955467-L_1_0-1

Case: 1:13-cv-07468 Document #: 134 Filed: 08/19/15 Page 69 of 84 PageID #:1811
Case: 15-2771     Document: 1-1     Filed: 08/19/2015     Pages: 92

**Jason Brett Hirsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John V Baranello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E Silberfein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/17/2013 | 1 | NOTICE of Removal from In The Circuit Court of Cook County, Illinois, County Department, Law Division, case number (2013 L 010173) filed by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak Filing fee $ 400, receipt number 0752-8837671. (Attachments: # 1 Exhibit A part 1, # 2 Exhibit A part 2, # 3 Exhibit A part 3, # 4 Exhibit A part 4, # 5 Exhibit B)(Lutz, Christina) (Entered: 10/17/2013) |
| 10/17/2013 | 2 | CIVIL Cover Sheet (Lutz, Christina) (Entered: 10/17/2013) |
| 10/17/2013 | 3 | ATTORNEY Appearance for Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak by Christina Elaine Lutz (Lutz, Christina) (Entered: 10/17/2013) |
| 10/17/2013 | | CASE ASSIGNED to the Honorable Charles P. Kocoras. Designated as Magistrate Judge the Honorable Young B. Kim. (daj, ) (Entered: 10/17/2013) |
| 10/18/2013 | 4 | ATTORNEY Appearance for Plaintiff Michael B. Johnson by David Maxwell Duree (Duree, David) (Entered: 10/18/2013) |
| 10/22/2013 | 5 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8852928. (Silberfein, Scott) (Entered: 10/22/2013) |
| 10/23/2013 | 6 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak for extension of time *MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT* (Attachments: # 1 Text of Proposed Order Proposed Order)(Lutz, Christina) (Entered: 10/23/2013) |
| 10/23/2013 | 7 | NOTICE of Motion by Christina Elaine Lutz for presentment of extension of time, 6 before Honorable Charles P. Kocoras on 11/6/2013 at 09:30 AM. (Lutz, Christina) (Entered: 10/23/2013) |

| | | |
|---|---:|---|
| 10/31/2013 | 8 | MOTION by Plaintiff Michael B. Johnson to remand *to the Circuit Court of Cook County* (Attachments: # 1 Affidavit of David M. Duree, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Text of Proposed Order)(Duree, David) (Entered: 10/31/2013) |
| 10/31/2013 | 9 | MEMORANDUM by Michael B. Johnson in support of motion to remand, 8 (Duree, David) (Entered: 10/31/2013) |
| 10/31/2013 | 10 | NOTICE of Motion by David Maxwell Duree for presentment of motion to remand, 8 before Honorable Charles P. Kocoras on 12/4/2013 at 09:30 AM. (Duree, David) (Entered: 10/31/2013) |
| 11/05/2013 | 11 | MINUTE entry before Honorable Charles P. Kocoras: Defendants' Motion to extend time to answer or otherwise respond to complaint (Doc 6 ) is granted to 11/25/2013. Status hearing set for 12/3/2013 at 9:30 a.m. Presentment date of 11/6/2013 on said motion is stricken. Mailed notice (yp, ) (Entered: 11/05/2013) |
| 11/18/2013 | 12 | MINUTE entry before Honorable Charles P. Kocoras: On Court's motion, Presentment date of 12/4/2013 on Plaintiff's motion to remand to the Circuit Court of Cook County (Doc 8 ) is stricken and reset for 12/3/2013 at 9:30 a.m. in Courtroom 2325. Mailed notice (yp, ) (Entered: 11/18/2013) |
| 11/21/2013 | 13 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak for extension of time to file answer (Attachments: # 1 Text of Proposed Order Proposed Order)(Lutz, Christina) (Entered: 11/21/2013) |
| 11/21/2013 | 14 | NOTICE of Motion by Christina Elaine Lutz for presentment of motion for extension of time to file answer, 13 before Honorable Charles P. Kocoras on 12/3/2013 at 09:30 AM. (Lutz, Christina) (Entered: 11/21/2013) |
| 12/03/2013 | 15 | MINUTE entry before the Honorable Charles P. Kocoras: Status and motion hearing held on 12/3/2013. Defendant's motion for leave of Scott E. Silberfein to appear pro hac vice (Doc 5 ) is granted. Defendants' Motion for extension of time to answer (Doc 13 ) is granted. The following briefing schedule is set as to Plaintiff's motion to remand to the Circuit Court of Cook County (Doc 8 ): Defendants' responses due by 1/14/2014; Plaintiff's replies due by 1/28/2014. In Court ruling set before Honorable Charles P. Kocoras on 2/27/2014 at 09:30 AM. Mailed notice (yp, ) (Main Document 15 replaced on 12/4/2013) (tmh, ). (Entered: 12/03/2013) |
| 01/14/2014 | 16 | MEMORANDUM by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak in Opposition to motion to remand, 8 (Silberfein, Scott) (Entered: 01/14/2014) |
| 01/14/2014 | 17 | AFFIDAVIT by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak in Opposition to MOTION by Plaintiff Michael B. Johnson to remand *to the Circuit Court of Cook County* 8 *Declaration of Joseph* |

| | | |
|---|---|---|
| | | *Sussman In Opposition to Motion to Remand* (Silberfein, Scott) (Entered: 01/14/2014) |
| 01/16/2014 | 18 | REPLY by Plaintiff Michael B. Johnson to memorandum in support of motion 9 , motion to remand, 8 (Duree, David) (Entered: 01/16/2014) |
| 02/04/2014 | 19 | ORDER Signed by the Honorable Charles P. Kocoras on 2/4/2014: The motion to remand (Doc 8 ) is entered and continued. The parties are given until 2/18/14 to submit responses to the Court's inquiries. In Court ruling set before Judge Kocoras on 2/27/2014 shall stand. Mailed notice(yp, ) (Entered: 02/04/2014) |
| 02/05/2014 | 20 | RESPONSE by Plaintiff Michael B. Johnson to order on motion to remand,,, 19 (Duree, David) (Entered: 02/05/2014) |
| 02/18/2014 | 21 | RESPONSE by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to order on motion to remand,,, 19 *Declaration of Scott Silberfein in Response to Court's Order Dated February 4, 2014* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Silberfein, Scott) (Entered: 02/18/2014) |
| 02/19/2014 | 22 | MOTION by Plaintiff Michael B. Johnson to strike Response, 21 (Attachments: # 1 Text of Proposed Order)(Duree, David) (Entered: 02/19/2014) |
| 02/21/2014 | 23 | ORDER: Enter Memorandum Opinion : This case comes before the Court on the motion to remand brought by Plaintiff Michael B. Johnson ("Johnson "):. For the reasons stated below, Johnson's motion is granted. All pending motions are hereby denied as moot. In Court ruling set for 2/27/2014 is stricken. Signed by the Honorable Charles P. Kocoras on 2/21/2014.Mailed notice(vcf, ) (Docket text Modified by Clerk's office) (vcf, ). (Entered: 02/24/2014) |
| 02/21/2014 | 24 | MEMORANDUM Opinion Signed by the Honorable Charles P. Kocoras on 2/21/2014.Mailed notice(vcf, ) (Entered: 02/24/2014) |
| 02/21/2014 | 25 | ENTERED JUDGMENT.Mailed notice(vcf, ) (Entered: 02/24/2014) |
| 03/11/2014 | | MAILED remand letter with certified copy of order dated 2/21/2014 to Circuit Court of Cook County. (vcf, ) (Entered: 03/11/2014) |
| 03/12/2014 | 26 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to stay regarding terminated case, memorandum opinion and order 24 , order on motion to remand,,, 23 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Silberfein, Scott) (Entered: 03/12/2014) |
| 03/12/2014 | 27 | NOTICE of Motion by Scott E Silberfein for presentment of motion to stay,, motion for relief,,,,,,,, 26 before Honorable Charles P. Kocoras on 3/18/2014 at 09:30 AM. (Silberfein, Scott) (Entered: 03/12/2014) |
| 03/17/2014 | 28 | ATTORNEY Appearance for Plaintiff Michael B. Johnson by Stacy Michelle Bardo (Bardo, Stacy) (Entered: 03/17/2014) |

| 03/18/2014 | 29 | ORDER: Motion hearing held on 3/18/2014 regarding motion to stay (Doc. No. 26 ). Defendants' motion to stay of remand order pending appeal with incorporated supporting memorandum and exhibits (Doc. No. 26 ) is granted. Signed by the Honorable Charles P. Kocoras on 3/18/2014. Mailed notice(vcf, ) (Entered: 03/20/2014) |
|---|---|---|
| 04/11/2014 | 30 | MOTION by Plaintiff Michael B. Johnson for discovery *(Limited)* on the *Remaining Remand Issues, with Incorporated Memorandum of Law* (Attachments: # 1 Exhibit Related Case, # 2 Exhibit Interrogatories Directed to Plaintiff, # 3 Text of Proposed Order)(Duree, David) (Entered: 04/11/2014) |
| 04/16/2014 | 31 | NOTICE of Motion by David Maxwell Duree for presentment of motion for discovery, 30 before Honorable Charles P. Kocoras on 4/24/2014 at 09:30 AM. (Duree, David) (Entered: 04/16/2014) |
| 04/24/2014 | 32 | ATTORNEY Appearance for Defendant Pushpin Holdings, LLC by Gary Irwin Blackman (Blackman, Gary) (Entered: 04/24/2014) |
| 04/24/2014 | 33 | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held on 4/24/2014 regarding Plaintiff's motion for discovery (Limited). Plaintiff's motion for discovery (Limited) on the Remaining Remand Issues, with Incorporated Memorandum of Law (Doc. No. 30 ) is granted as to interrogatory no. 1 only and denied as to interrogatory no. 2 and 3. Plaintiff's oral motion to strike is denied as unnecessary. Plaintiff's oral motion for leave to file supplemental memorandum is granted. Status hearing continued to 6/5/2014 at 9:30 a.m. Mailed notice (yp, ) (Entered: 04/24/2014) |
| 04/28/2014 | 34 | ATTORNEY Appearance for Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak by Jason Brett Hirsh (Hirsh, Jason) (Entered: 04/28/2014) |
| 05/01/2014 | 35 | LETTER from the Seventh Circuit no record to be returned on appeal in USCA no. 14-8006. (vcf, ) (Entered: 05/02/2014) |
| 05/01/2014 | 37 | OPINION from the USCA for the Seventh Circuit; Argued 3/19/2014; Decided 4/9/2014 in USCA case no. 14-8006. (vcf, ) (Entered: 05/02/2014) |
| 05/02/2014 | 36 | MANDATE of USCA dated 4/9/2014 regarding notice of appeal ; USCA 14-8006. Pushpin asks us for leave to file an interlocutory appeal from the remand ruling, and we have decided to GRANT that leave, as we are authorized to do by § 1453(c)(1). The petition and response, together with the record in the district court, adequately illuminate the dispute, so we dispense with further brief and proceed to the merits. REVERSED and REMANDED. The above is in accordance with the decision of this court entered on this date. (vcf, ) (Entered: 05/02/2014) |
| 05/02/2014 | 38 | ORDER: The Clerk of the Court is hereby ordered to reopen the case forthwith pursuant to Mandate Order of USCA dated 4/9/2014 filed on 5/2/2014 (Doc. No. 36 ). Status hearing set for 6/5/2014 at 9:30 a.m. shall stand. Signed by the Honorable Charles P. Kocoras on 5/2/2014. Mailed notice(vcf, ) (Entered: |

| | | 05/06/2014) |
|---|---|---|
| 06/03/2014 | 39 | MOTION by Plaintiff Michael B. Johnson to take deposition of Designated Corporate Representative of Pushpin Holdings, LLC *Short Deposition by Telephone* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Duree, David) (Entered: 06/03/2014) |
| 06/03/2014 | 40 | MOTION by Plaintiff Michael B. JohnsonShorten Time to Hear Motion for Leave to Take a Short Deposition by Telephone on Remaining Remand Issues (Duree, David) (Entered: 06/03/2014) |
| 06/03/2014 | 41 | NOTICE of Motion by David Maxwell Duree for presentment of motion for miscellaneous relief 40 , motion to take deposition, 39 before Honorable Charles P. Kocoras on 6/5/2014 at 09:30 AM. (Duree, David) (Entered: 06/03/2014) |
| 06/05/2014 | 42 | MINUTE entry before the Honorable Charles P. Kocoras: Status and motion hearing held on 6/5/2014. Plaintiff's motion to take deposition of Designated Corporate Representative of Pushpin Holdings, LLC Short Deposition by Telephone (Doc. No. 39 ) is entered and continued to 6/12/2014 at 9:30 a.m. Counsel to contact Yolanda Pagan at 312-435-5689 is all matters are resolved prior to 6/12/2014. Plaintiff's motion to Hear Motion for Leave to Take a Short Deposition by Telephone on Remaining Remand Issues (Doc. No. 40 ) is denied as moot. Plaintiff's supplemental notice of remand with memorandum due by 7/3/2014. Answer due by 7/24/2014. Court will rule by mail. Mailed notice (yp, ) (Entered: 06/06/2014) |
| 06/10/2014 | 43 | MINUTE entry before the Honorable Charles P. Kocoras: Hearing was inadvertently removed from court calender. Therefore, Plaintiff's motion to take deposition of Designated Corporate Representative of Pushpin Holdings, LLC Short Deposition by Telephone (Doc. No. 39 ) shall remain on the call for 6/12/2014 at 9:30 a.m. Mailed notice (yp, ) (Entered: 06/10/2014) |
| 06/11/2014 | 44 | Notice that Hearing Scheduled for June 12, 2014 at 9:30 a.m. may be Cancelled by Michael B. Johnson (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Duree, David) (Entered: 06/11/2014) |
| 06/11/2014 | 45 | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing set for 6/12/2014 on MOTION by Plaintiff Michael B. Johnson to take deposition of Designated Corporate Representative of Pushpin Holdings, LLC Short Deposition by Telephone (Doc. no. 39 ) is stricken. Status hearing set for 6/24/2014 at 09:30 a.m. on Plaintiff's motion to take deposition of designated Corporate Representative of Pushpin Holdings by Telephone (Doc. no. 39 ). Mailed notice (yp, ) (Entered: 06/11/2014) |
| 06/18/2014 | 46 | Request to Cancel June 24, 2014 Status Conference by Michael B. Johnson (Duree, David) (Entered: 06/18/2014) |
| 06/23/2014 | 47 | MINUTE entry before the Honorable Charles P. Kocoras: In light of Plaintiff's request (Doc. No. 46 ), the status hearing set for 6/24/2014 is hereby stricken. MOTION by Plaintiff Michael B. Johnson to take deposition of Designated Corporate Representative of Pushpin Holdings, LLC Short Deposition by |

| | | |
|---|---|---|
| | | Telephone (Doc. No. 39 ) is terminated as moot. The previous briefing schedule set on 6/5/2014 (Doc. No. 42 ) shall stand. Mailed notice (yp, ) (Entered: 06/23/2014) |
| 06/25/2014 | 48 | SUPPLEMENT to memorandum in support of motion 9 *to Remand* (Attachments: # 1 Affidavit Affdavit of David M. Duree, # 2 Exhibit A)(Duree, David) (Entered: 06/25/2014) |
| 07/24/2014 | 49 | RESPONSE by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to supplement 48 *Remand Motion* (Attachments: # 1 Declaration Declaration)(Hirsh, Jason) (Entered: 07/24/2014) |
| 07/25/2014 | 50 | REPLY by Plaintiff Michael B. Johnson to Response, 49 , supplement 48 *in Support of its Supplemental Memorandum in Support of the Motion to Remand* (Duree, David) (Entered: 07/25/2014) |
| 07/25/2014 | 51 | MOTION by Plaintiff Michael B. Johnson for leave to file *Reply in Support of its Supplemental Memorandum in Support of the Motion to Remand (ECF No. 50)* (Attachments: # 1 Text of Proposed Order)(Duree, David) (Entered: 07/25/2014) |
| 07/28/2014 | 52 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to strike reply 50 (Silberfein, Scott) (Entered: 07/28/2014) |
| 07/28/2014 | 53 | RESPONSE by Michael B. Johnsonin Opposition to MOTION by Plaintiff Michael B. Johnson for leave to file *Reply in Support of its Supplemental Memorandum in Support of the Motion to Remand (ECF No. 50)* 51 , MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to strike reply 50 52 (Attachments: # 1 Text of Proposed Order) (Duree, David) (Entered: 07/28/2014) |
| 08/07/2014 | 54 | NOTICE of Motion by Scott E Silberfein for presentment of motion to strike, motion for relief 52 before Honorable Charles P. Kocoras on 8/14/2014 at 09:30 AM. (Silberfein, Scott) (Entered: 08/07/2014) |
| 08/08/2014 | 55 | NOTICE of Motion by David Maxwell Duree for presentment of motion for leave to file 51 before Honorable Charles P. Kocoras on 8/14/2014 at 09:30 AM. (Duree, David) (Entered: 08/08/2014) |
| 08/13/2014 | 56 | MEMORANDUM Opinion Signed by the Honorable Charles P. Kocoras on 8/13/2014. Mailed notice(yp, ) (Entered: 08/13/2014) |
| 08/13/2014 | 57 | MINUTE entry before the Honorable Charles P. Kocoras: Enter Memorandum Opinion: For the aforementioned reasons, the Court denies Johnson's motion to remand. Johnson's motion to file a Reply in Support of its Supplemental Memorandum in Support of its Motion to Remand 51 is denied as moot. Defendants' motion to strike Johnson's Reply 52 is also denied as moot. It Is |

| | | Further Ordered: Presentment date of 8/14/2014 on said motions <u>51</u> and <u>52</u> are stricken. Status hearing set for 8/14/2014 at 09:30 AM. (For further details see Memorandum Opinion.) Mailed notice (yp, ) (Entered: 08/13/2014) |
|---|---|---|
| 08/14/2014 | <u>58</u> | MINUTE entry before the Honorable Charles P. Kocoras: Status hearing held on 8/14/2014. Defendants' motion to dismiss with supporting memoranda due by 10/2/2014. Responses due by 10/23/2014. In Court ruling before Honorable Charles P. Kocoras set for 11/13/2014 at 09:30 AM. Mailed notice (yp, ) (Entered: 08/14/2014) |
| 08/14/2014 | <u>59</u> | MINUTE entry before the Honorable Charles P. Kocoras: Minute entry dated 8/14/2014 (Doc. no. <u>58</u> ) is amended in include the following: "Plaintiff is granted leave to file amended complaint by 9/4/2014." Order to stand in all other respects. Mailed notice (yp, ) (Entered: 08/14/2014) |
| 08/19/2014 | <u>60</u> | TRANSCRIPT OF PROCEEDINGS held on August 14, 2014 before the Honorable Charles P. Kocoras. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn St., Suite 1744-A, Chicago, Illinois 60604, 312-435-6874. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 9/9/2014. Redacted Transcript Deadline set for 9/19/2014. Release of Transcript Restriction set for 11/17/2014. (Hanhardt, Joene) (Entered: 08/19/2014) |
| 08/28/2014 | <u>61</u> | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to consolidate cases *DEFENDANTS MOTION TO CONSOLIDATE RELATED CASES* (Attachments: # <u>1</u> Exhibit A part 1, # <u>2</u> Exhibit A part 2, # <u>3</u> Exhibit A part 3, # <u>4</u> Exhibit B part 1, # <u>5</u> Exhibit B part 2, # <u>6</u> Exhibit B part 3)(Hirsh, Jason) (Entered: 08/28/2014) |
| 08/28/2014 | <u>62</u> | NOTICE of Motion by Jason Brett Hirsh for presentment of motion to consolidate cases, <u>61</u> before Honorable Charles P. Kocoras on 9/9/2014 at 09:30 AM. (Hirsh, Jason) (Entered: 08/28/2014) |
| 08/29/2014 | <u>63</u> | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to strike text entry, <u>59</u> , status hearing, set case scheduling order,, <u>58</u> *DEFENDANTS MOTION TO STRIKE SCHEDULE IN DOC. 58 AND 59* (Attachments: # <u>1</u> Exhibit A)(Hirsh, Jason) (Entered: 08/29/2014) |
| 08/29/2014 | <u>64</u> | NOTICE of Motion by Jason Brett Hirsh for presentment of motion to strike, motion for relief,,,,,, <u>63</u> before Honorable Charles P. Kocoras on 9/9/2014 at 09:30 AM. (Hirsh, Jason) (Entered: 08/29/2014) |

| | | |
|---|---|---|
| 09/04/2014 | 65 | AMENDED text entry, 59 *First Amended Class Action Complaint* (Attachments: # 1 Exhibit Exhibit H)(Duree, David) (Entered: 09/04/2014) |
| 09/09/2014 | 66 | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held on 9/9/2014 regarding motion to consolidate (Doc. no. 61 ) and motion to strike (Doc no. 63 ). Amended motion by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Louisa Tatbak to consolidate related cases shall be filed by 9/23/2014. Plaintiff's answer to defendants' amended motion to consolidate shall be filed by 10/7/2014. Reply to be filed by 10/14/2014. In Court ruling set before Honorable Charles P. Kocoras for 11/13/2014 at 9:30 a.m. Defendants' motion to consolidate (Doc. no. 61 ) is terminated. Defendant's motion to strike text entry 58 and 59 (Doc. no. 63 ) is granted. Briefing schedule previously set on Doc. no. 58 and 59 are hereby stricken. Mailed notice (yp, ) (Entered: 09/09/2014) |
| 09/17/2014 | 67 | TRANSCRIPT OF PROCEEDINGS held on September 9, 2014 before the Honorable Charles P. Kocoras. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn St., Suite 1744-A, Chicago, Illinois 60604, 312-435-6874. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 10/8/2014. Redacted Transcript Deadline set for 10/20/2014. Release of Transcript Restriction set for 12/16/2014. (Hanhardt, Joene) (Entered: 09/17/2014) |
| 09/23/2014 | 68 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to reassign case *DEFENDANTS AMENDED MOTION TO REASSIGN AND CONSOLIDATE RELATED CASES* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Hirsh, Jason) (Entered: 09/23/2014) |
| 10/06/2014 | 69 | RESPONSE by Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Weinin Opposition to MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, Louisa Tatbak to reassign case *DEFENDANTS AMENDED MOTION TO REASSIGN AND CONSOLIDATE RELATED 68 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Duree, David) (Entered: 10/06/2014)* |
| 10/14/2014 | 70 | REPLY by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Ross, |

CM/ECF LIVE, Ver 6.1 - U.S. District Court, Northern Illinois        https://ecf.ilnd.circ7.dcn/cgi-bin/DktRpt.pl?110278046955467-L_1_0-1

Case: 1:13-cv-07468 Document #: 134 Filed: 08/19/15 Page 77 of 84 PageID #:1819
Case: 15-2771        Document: 1-1        Filed: 08/19/2015        Pages: 92

|  |  | Louisa Tatbak to response in opposition to motion,, [69](#) (Hirsh, Jason) (Entered: 10/14/2014) |
| --- | --- | --- |
| 10/14/2014 | [71](#) | NOTICE by All Defendants re reply to response to motion [70](#) (Hirsh, Jason) (Entered: 10/14/2014) |
| 11/13/2014 | [72](#) | ORDER: In court ruling held on 11/13/2014. Defendants' amended motion to reassign and consolidate related cases [68](#) is denied without prejudice. Plaintiff's are to file their second amended complaint by 12/2/2014. Status hearing set for 12/4/2014 at 9:30 a.m Signed by the Honorable Charles P. Kocoras on 11/13/2014. (Entered: 11/14/2014) |
| 11/21/2014 | [73](#) | *Second* AMENDED complaint by Steven McNally, Stephen Garcia-Agosto, Eric Rinkoff, Robert Marsh, Robin Krier, Krystyn A. Wein, Colleen Kitchens, Alicia Holton, Robert Rotella, Sr, Michael B. Johnson against All Defendants (Attachments: # [1](#) Supplement Second Amended Class Action Complaint, Part 2)(Duree, David) (Entered: 11/21/2014) |
| 12/03/2014 | [74](#) | NOTICE of Motion by Scott E Silberfein for presentment of before Honorable Charles P. Kocoras on 12/9/2014 at 09:30 AM. (Silberfein, Scott) (Entered: 12/03/2014) |
| 12/03/2014 | [75](#) | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak to consolidate cases (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D)(Silberfein, Scott) (Entered: 12/03/2014) |
| 12/04/2014 | [76](#) | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak MOTION TO ADJOURN THE DEADLINE FOR RESPONSE TO THE SECOND AMENDED COMPLAINT UNTIL A DATE CERTAIN FOLLOWING RESOLUTION OF THE RENEWED MOTION TO REASSIGN AND CONSOLIDATE OR, IN THE ALTERNATIVE, TO REASSIGN AND CONSOLIDATE FOR LIMITED PURPOSES OF DISCOVERY (Hirsh, Jason) (Entered: 12/04/2014) |
| 12/04/2014 | [77](#) | NOTICE of Motion by Jason Brett Hirsh for presentment of motion for miscellaneous relief, [76](#) before Honorable Charles P. Kocoras on 12/11/2014 at 09:30 AM. (Hirsh, Jason) (Entered: 12/04/2014) |
| 12/04/2014 | [78](#) | MINUTE entry before the Honorable Charles P. Kocoras: Status hearing held on 12/4/2014. Defendants renewed motion to reassign and consolidate or, in the alternative, to reassign and consolidate for limited purposes of discovery [75](#) is entered and briefed as follow; response is due by 12/18/2014. In court ruling is set for 1/22/2015 at 9:30 am. Motion hearing set for 12/9/2014 is stricken. Mailed notice (vcf, ) (Entered: 12/05/2014) |
| 12/05/2014 | [79](#) | RESPONSE by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Weinin Opposition to MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, |

| | | |
|---|---|---|
| | | LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak MOTION TO ADJOURN THE DEADLINE FOR RESPONSE TO THE SECOND AMENDED COMPLAINT UNTIL A 76 (Attachments: # 1 Text of Proposed Order)(Duree, David) (Entered: 12/05/2014) |
| 12/05/2014 | 80 | MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for discovery *(Limited Discovery)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Duree, David) (Entered: 12/05/2014) |
| 12/05/2014 | 81 | NOTICE of Motion by David Maxwell Duree for presentment of motion for discovery, 80 before Honorable Charles P. Kocoras on 12/11/2014 at 09:30 AM. (Duree, David) (Entered: 12/05/2014) |
| 12/08/2014 | 82 | RESPONSE by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Weinin Opposition to MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak to consolidate cases 75 *(Verified) to Defendant's Second Motion to REassign and Consolidate and, Alternatively, to Consolidate for Limited Purposes of DIscovery* (Attachments: # 1 Exhibit A)(Duree, David) (Entered: 12/08/2014) |
| 12/11/2014 | 83 | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held on 12/11/2014. Defendants' motion to adjourn the deadline for response to the second amended complaint until a date certain following resolution of the "renewed motion to reassign and consolidate of, in the alternative, to reassign and consolidated for limited purpose of discovery" 76 is denied. Plaintiffs' verified motion for leave to take limited discovery 80 is granted. Defendant Pushpin is to produce discovery requested by 1/9/2015. Defendant's motion to dismiss is due by 1/13/2015; response is due by 1/27/2015; reply is due by 2/10/2015. Court will rule by mail. Mailed notice (vcf, ) (Entered: 12/12/2014) |
| 12/24/2014 | 84 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak for leave to file *Agreed*, MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak for leave to file excess pages *Memorandum in Support of Motion to Dismiss* (Lutz, Christina) (Entered: 12/24/2014) |
| 12/24/2014 | 85 | NOTICE of Motion by Christina Elaine Lutz for presentment of motion for leave to file, motion for leave to file excess pages,, 84 before Honorable Charles P. Kocoras on 1/6/2015 at 09:30 AM. (Lutz, Christina) (Entered: 12/24/2014) |
| 01/05/2015 | 86 | MINUTE entry before the Honorable Charles P. Kocoras: Defendants' agreed motion for leave to file expanded memorandum in support of motion to dismiss in the amount of twenty-five (25) pages 84 is granted. Motion hearing set for |

| | | 1/6/2015 is stricken. Mailed notice (vcf, ) (Entered: 01/05/2015) |
|---|---|---|
| 01/06/2015 | 87 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10206739. (Baranello, John) (Entered: 01/06/2015) |
| 01/09/2015 | 88 | MINUTE entry before the Honorable Charles P. Kocoras: Attorney John V. Baranello Application to appear pro hac vice on behalf of all Defendants 87 is granted. Mailed notice (vcf, ) (Entered: 01/09/2015) |
| 01/13/2015 | 89 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*AND FOR LACK OF STANDING* (Baranello, John) (Entered: 01/13/2015) |
| 01/13/2015 | 90 | MEMORANDUM by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak in support of Motion to Dismiss for Failure to State a Claim 89 (Baranello, John) (Entered: 01/13/2015) |
| 01/13/2015 | 91 | AFFIDAVIT by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak in Support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*AND FOR LACK OF STANDING* 89 *Declaration of John Baranello* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Baranello, John) (Entered: 01/13/2015) |
| 01/13/2015 | 92 | NOTICE by All Defendants re affidavit in support of motion, 91 , memorandum in support of motion, 90 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*AND FOR LACK OF STANDING* 89 (Baranello, John) (Entered: 01/13/2015) |
| 01/19/2015 | 93 | MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for leave to file excess pages *in their Response in Opposition to the Motion to Dismiss* (Attachments: # 1 Text of Proposed Order)(Duree, David) (Entered: 01/19/2015) |
| 01/19/2015 | 94 | RESPONSE by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Weinin opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*AND FOR LACK OF STANDING* 89 (Duree, David) (Entered: 01/19/2015) |
| 01/19/2015 | 95 | NOTICE of Motion by David Maxwell Duree for presentment of motion for leave to file excess pages, 93 before Honorable Charles P. Kocoras on 1/22/2015 at 09:30 AM. (Duree, David) (Entered: 01/19/2015) |
| 01/20/2015 | 96 | ORDER: Defendants' renewed motion to reassign and consolidate cases or, in the alternative, to reassign and consolidate for limited purposed of discovery 75 is denied. In court ruling set for 1/22/2015 at 9:30 is stricken. Status hearing set for 1/22/2015 at 09:30 AM. Signed by the Honorable Charles P. Kocoras on 1/20/2015. Mailed notice(vcf, ) (Entered: 01/20/2015) |

| 01/21/2015 | 97 | MINUTE entry before the Honorable Charles P. Kocoras: Plaintiff's motion for leave to file expanded response in opposition to the motion to dismiss in 24 pages 93 is granted. Mailed notice (vcf, ) (Entered: 01/21/2015) |
|---|---|---|
| 01/22/2015 | 98 | MINUTE entry before the Honorable Charles P. Kocoras: Status hearing held on 1/22/2015. Defendants' motion to dismiss the Second Amended Class action complaint 89 is entered and briefed as follows; response is due by 1/27/2015; reply due by 2/10/2015. In court ruling is set for 3/3/2015 at 9:30 a.m. Mailed notice (vcf, ) (Entered: 01/23/2015) |
| 01/26/2015 | 99 | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak Entry of a Confidentiality Order (Attachments: # 1 Exhibit A)(Baranello, John) (Entered: 01/26/2015) |
| 01/26/2015 | 100 | NOTICE of Motion by John V Baranello for presentment of motion for miscellaneous relief, 99 before Honorable Charles P. Kocoras on 1/29/2015 at 09:30 AM. (Baranello, John) (Entered: 01/26/2015) |
| 01/26/2015 | | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak for the Entry of a Confidentiality Order. (sxw) (Omitted Relief from motion 99 (sxw). (Entered: 01/27/2015) |
| 01/27/2015 | 101 | RESPONSE by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Weinin Opposition to MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak for protective order, MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak Entry of a Confidentiality Order 99 (Attachments: # 1 Affidavit of David M. Duree, # 2 Text of Proposed Order)(Duree, David) (Entered: 01/27/2015) |
| 01/29/2015 | 102 | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held on 1/29/2015. Defendant's motion for the entry of a confidentiality order 99 is granted. As stated in open court, parties are to submit a new order which will be granted subject to later consideration by the Court. Parties are to also meet and confer about any specifics relating to the protective order. Mailed notice (vcf, ) (Entered: 01/30/2015) |
| 02/10/2015 | 103 | REPLY by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak to response in opposition to motion, 94 (Baranello, John) (Entered: 02/10/2015) |
| 03/02/2015 | 104 | MINUTE entry before the Honorable Charles P. Kocoras: In court ruling set for 3/3/2015 is stricken. Court will rule by mail.Mailed notice (vcf, ) (Entered: 03/02/2015) |

CM/ECF LIVE, Ver 6.1 - U.S. District Court, Northern Illinois    https://ecf.ilnd.circ7.dcn/cgi-bin/DktRpt.pl?110278046955467-L_1_0-1

Case: 1:13-cv-07468 Document #: 134 Filed: 08/19/15 Page 81 of 84 PageID #:1823
Case: 15-2771    Document: 1-1    Filed: 08/19/2015    Pages: 92

| 03/23/2015 | 105 | MEMORANDUM Opinion: Defendants' motion to dismiss the second amended class action complaint 89 is granted. Civil case terminated. Signed by the Honorable Charles P. Kocoras on 3/23/2015. Mailed notice(vcf, ) (Entered: 03/23/2015) |
|---|---|---|
| 03/27/2015 | 106 | MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for leave to file *Supplement to Record* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Text of Proposed Order)(Duree, David) (Entered: 03/27/2015) |
| 03/27/2015 | 107 | MEMORANDUM by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein in support of motion for leave to file, 106 *Supplement to Record* (Duree, David) (Entered: 03/27/2015) |
| 03/30/2015 | 108 | MOTION by Defendants Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak to strike MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for leave to file *Supplement to Record106 , memorandum in support of motion, 107 (Baranello, John) (Entered: 03/30/2015)* |
| 03/30/2015 | 109 | NOTICE of Motion by John V Baranello for presentment of motion to strike, motion for relief,,,, 108 before Honorable Charles P. Kocoras on 4/9/2015 at 09:30 AM. (Baranello, John) (Entered: 03/30/2015) |
| 03/30/2015 | 110 | NOTICE of Motion by David Maxwell Duree for presentment of motion for leave to file, 106 before Honorable Charles P. Kocoras on 4/7/2015 at 09:30 AM. (Duree, David) (Entered: 03/30/2015) |
| 03/30/2015 | 111 | MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for reconsideration regarding Order on Motion to Dismiss for Failure to State a Claim, memorandum opinion and order, terminated case 105 (Duree, David) (Entered: 03/30/2015) |
| 03/30/2015 | 112 | MEMORANDUM by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein in support of motion for reconsideration, motion for relief,,,,,, 111 (Duree, David) (Entered: 03/30/2015) |
| 03/30/2015 | 113 | NOTICE of Motion by David Maxwell Duree for presentment of motion for reconsideration, motion for relief,,,,,, 111 before Honorable Charles P. Kocoras on 4/7/2015 at 09:30 AM. (Duree, David) (Entered: 03/30/2015) |

| 04/07/2015 | 114 | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Verified motion for leave to supplement the record 106 and Plaintiffs' motion for reconsideration and to alter and/or amend the judgment and dismissal order under FED.R.CIV. 69(a) and (e) and 52(b) 111 is entered and briefed as follows; Answer is due by 4/28/2015. Reply is due by 5/2/2015. Court will rule by mail. Defendant's motion to strike docket nos. 106 and 107 108 is moot. Motion hearing set for 4/9/2015 is stricken. Court will rule by mail. Mailed notice (vcf, ) (Entered: 04/07/2015) |
| 04/07/2015 | 115 | MINUTE entry before the Honorable Charles P. Kocoras: Order entered on 4/7/2015 114 , is amended as follows; Reply due by 5/5/2015. Mailed notice (vcf, ) (Entered: 04/07/2015) |
| 04/28/2015 | 116 | RESPONSE by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbakin Opposition to MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for reconsideration regarding Order on M 111 (Baranello, John) (Entered: 04/28/2015) |
| 04/28/2015 | 117 | RESPONSE by CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbakin Opposition to MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein for leave to file *Supplement to Record106 (Baranello, John) (Entered: 04/28/2015)* |
| 05/04/2015 | 118 | REPLY by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein to response in opposition to motion, 117 , motion for leave to file, 106 , memorandum in support of motion, 107 *for Leave to Supplement the Record* (Duree, David) (Entered: 05/04/2015) |
| 05/04/2015 | 119 | REPLY by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein to motion for reconsideration,, motion for relief,,,,, 111 , response in opposition to motion, 116 , memorandum in support of motion, 112 (Duree, David) (Entered: 05/04/2015) |
| 05/28/2015 | 120 | MOTION by Plaintiffs Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein to supplement *the Record* (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K, # 4 Exhibit L, # 5 Text of Proposed Order)(Duree, David) (Entered: 05/28/2015) |
| 05/28/2015 | 121 | MEMORANDUM by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, |

| | | |
|---|---|---|
| | | Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein in support of motion to supplement, <u>120</u> *the Record* (Duree, David) (Entered: 05/28/2015) |
| 05/28/2015 | <u>122</u> | NOTICE of Motion by David Maxwell Duree for presentment of motion to supplement, <u>120</u> before Honorable Charles P. Kocoras on 6/4/2015 at 09:30 AM. (Duree, David) (Entered: 05/28/2015) |
| 06/04/2015 | <u>123</u> | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Second verified motion for leave to supplement the record <u>120</u> is denied without prejudice. Mailed notice (vcf, ) (Entered: 06/04/2015) |
| 08/06/2015 | <u>124</u> | MEMORANDUM Opinion and Order: Verified motion for leave to supplement the record <u>106</u> is granted. Plaintiffs' motion for reconsideration and to alter and/or amend the judgment and dismissal order under FED.R.CIV.P. 59(a) and (e) and 52(b) <u>111</u> is denied. Signed by the Honorable Charles P. Kocoras on 8/6/2015. Mailed notice (vcf, ) (Entered: 08/06/2015) |
| 08/11/2015 | <u>125</u> | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak for judgment *in favor of Defendants in a separate document in light of the March 23, 2015 Memorandum Opinion* (Attachments: # <u>1</u> Notice of Filing)(Hirsh, Jason) (Entered: 08/11/2015) |
| 08/11/2015 | <u>126</u> | MOTION by Defendants CIT Financial USA, Inc., Jay Cohen, GCN Holding, LLC, Ari R. Madoff, Leonard Mezei, Pushpin Holdings, LLC, Shaun Redwood, Alisha Rios, Louisa Tatbak for judgment *in favor of Defendants in a separate document in light of the March 23, 2015 Memorandum Opinion (Corrected)* (Attachments: # <u>1</u> Notice of Filing)(Hirsh, Jason) (Entered: 08/11/2015) |
| 08/12/2015 | <u>127</u> | *Corrected* NOTICE of Motion by Jason Brett Hirsh for presentment of motion for judgment, <u>126</u> before Honorable Charles P. Kocoras on 8/18/2015 at 09:30 AM. (Hirsh, Jason) (Entered: 08/12/2015) |
| 08/18/2015 | <u>128</u> | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Motion for entry of separate judgment document pursuant to F.E.D. R.CIV.P. 58 <u>125</u> and <u>126</u> is granted. Mailed notice (vcf, ) (Entered: 08/18/2015) |
| 08/18/2015 | <u>129</u> | ENTERED JUDGMENT. Mailed notice(vcf, ) (Entered: 08/18/2015) |
| 08/19/2015 | <u>130</u> | NOTICE of appeal by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein regarding orders <u>105</u> , <u>129</u> , <u>57</u> , <u>124</u> Filing fee $ 505, receipt number 0752-10987124. (Duree, David) (Entered: 08/19/2015) |
| 08/19/2015 | <u>131</u> | DESIGNATION by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein of record on appeal (Duree, David) (Entered: 08/19/2015) |
| 08/19/2015 | <u>132</u> | DESIGNATION by Joseph Fred Garcia, Stephen Garcia-Agosto, Alicia Holton, Michael B. Johnson, Colleen Kitchens, Robin Krier, Robert Marsh, Steven |

CM/ECF LIVE, Ver 6.1 - U.S. District Court, Northern Illinois     https://ecf.ilnd.circ7.dcn/cgi-bin/DktRpt.pl?110278046955467-L_1_0-1

Case: 1:13-cv-07468 Document #: 134 Filed: 08/19/15 Page 84 of 84 PageID #:1826
Case: 15-2771    Document: 1-1     Filed: 08/19/2015    Pages: 92

| | | |
|---|---|---|
| | | McNally, Eric Rinkoff, Robert Rotella, Sr, Krystyn A. Wein of record on appeal (Duree, David) (Entered: 08/19/2015) |
| 08/19/2015 | 133 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal, 130 (ea, ) (Entered: 08/19/2015) |